BOBICH v. ROGERS.

1. NEGLIGENCE—GROSS NEGLIGENCE—WORDS AND PHRASES.

In Michigan there is no such thing as gross negligence in sense of great or much negligence.

2. MOTOR VEHICLES—GROSS NEGLIGENCE—WANTON AND WILFUL MIS-CONDUCT—GUEST PASSENGER ACT.

Term "gross negligence," as used in guest passenger act (1 Comp. Laws 1929, § 4648), does not mean something of less degree than wilful and wanton misconduct.

3. SAME—ACCIDENT NO EVIDENCE OF NEGLIGENCE.

That accident happened, resulting in injuries to guest passenger in automobile, was no evidence of negligence on part of driver.

4. SAME—DRIVER NOT REQUIRED TO COMPLY WITH GUEST'S REQUEST AS TO SPEED.

Driver of automobile is not at his peril required to comply with request of guest relative to speed, nor does noncompliance therewith in and of itself evidence wilfulness or wantonness (1 Comp. Laws 1929, § 4648).

5. SAME—NEGLIGENCE—EXCESSIVE SPEED—WANTON MISCONDUCT.

Negligence of automobile driver in making turn at high speed would not constitute wilful and wanton misconduct within meaning of guest passenger act (1 Comp. Laws 1929, § 4648).

6. SAME—VIOLATION OF SPEED LAW NOT WANTON MISCONDUCT.

Violation of statute regulating speed of automobiles (1 Comp. Laws 1929, § 4697) does not constitute gross negligence or wanton and wilful misconduct requisite to maintenance of action under guest passenger act (1 Comp. Laws 1929, § 4648).

7. SAME—EVIDENCE OF NEGLIGENCE MERELY INSUFFICIENT TO WAR-RANT RECOVERY BY GUEST PASSENGER.

Evidence insufficient to establish that guest passenger was injured by reason of wilful and wanton misconduct of automobile driver was insufficient to warrant recovery, although it was sufficient to make out case of negligence (1 Comp. Laws 1929, § 4648).

As to definition of "gross negligence," see annotation in 31 L. R. A. (N. S.) 158.

Appeal from Gogebic; Driscoll (George O.), J. Submitted January 21, 1932. (Docket No. 49, Calendar No. 36,126.) Decided April 4, 1932.

Case by Steve Bobich against Robert Rogers for personal injuries sustained while a guest passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

*Jones & Patek,* for plaintiff.

*Ivan D. Wright* (*Charles M. Humphrey,* of counsel), for defendant.

WIEST, J. Plaintiff was a guest riding in an automobile owned and driven by defendant. The automobile, at a railroad crossing, left the roadway and overturned. Plaintiff received injuries and had verdict and judgment. The accident occurred at the hamlet of Matchwood in Ontonagon county, in the daytime. The roadway upon which defendant was driving approached the hamlet from the west, and, at the hamlet, made a right-angle turn to the south and crossed the railroad track 35 feet distant from the south line of the westward extension of the road. The railroad crossing was planked.

Right of plaintiff to have recovery rests upon whether defendant in operating his automobile was guilty of "gross negligence or wilful and wanton misconduct." Act No. 19, Pub. Acts 1929 (1 Comp. Laws 1929, § 4648). In this jurisdiction there is no such thing as gross negligence in the sense of great or much negligence. *Union Trust Co.* v. *Railway Co.,* 239 Mich. 97 (66 A. L. R. 1515). The term "gross negligence," as employed in this statute, does not mean something of less degree than wilful

and wanton misconduct. See *Oxenger* v. *Ward,* 256 Mich. 499. Plaintiff recovered on the claim that defendant drove his automobile at such a high rate of speed that he was unable to make a sharp turn without losing control of his car, and, as a consequence, the car left the roadway and overturned.

Plaintiff testified that, before reaching the turn, he told defendant he was driving too fast, and ''If you don't cut out the speed, stop, I want to get out;'' that defendant said ''he was driving a car faster than that and he make that curve,'' and as the car was close to the curve he said, ''Why don't you stop while I get off?''

Defendant testified that he made the turn, and, at a railroad crossing 35 feet distant, something happened to his car and he lost control of it. After the accident it was found there was one flat tire. The fact that an accident happened was, of course, no evidence of negligence. But it is said that defendant, after having his attention called to the speed of the car, wilfully and wantonly attempted to make the turn without reducing the speed. The driver of an automobile is not at his peril required to comply with the request of a guest relative to speed, nor does noncompliance in and of itself evidence wilfulness or wantonness.

Whether a turn of the road can be made with reasonable safety at any particular speed depends, of course, upon the character and condition of the road and the skill of the driver. We cannot draw a line beyond which mere speed in making a turn departs from negligence and becomes wilful and wanton misconduct. Conceding that defendant was negligent in making the turn at high speed, it would not constitute wilful and wanton misconduct. See *Van Blaircum* v. *Campbell,* 256 Mich. 527.

Counsel for plaintiff state that the accident occurred in the business and residential section of the hamlet, and defendant was driving in excess of 20 miles per hour, and, therefore, violated section 5, Act No. 90, Pub. Acts 1929 (1 Comp. Laws 1929, § 4697). Violation, if any, of that statute does not constitute the gross negligence or wanton and wilful misconduct requisite to maintenance of an action under the guest act.

At the close of plaintiff's proofs, defendant moved for a directed verdict on the ground that plaintiff had not made out a case of "gross negligence or wilful and wanton misconduct." This motion was denied and renewed at the close of all the proofs and again denied. In a motion for new trial defendant again raised the question and insisted that plaintiff had made no case. This motion was denied.

At the most plaintiff made out a case of negligence. To recover, he was required to go beyond that and establish that he was injured by reason of the wilful and wanton misconduct of defendant. The proofs failed to make such a case. The court should have granted a new trial.

The judgment is reversed, and a new trial granted, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and BUTZEL, JJ., concurred with WIEST, J.

FEAD, J. I concur, but see opinion in *Finkler* v. *Zimmer, ante,* 336.