### WILLETT *v.* SMITH.

1. MOTOR VEHICLES—GUEST PASSENGER ACT—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

   While attempting to drive automobile without sufficient acquaintance and experience with method of control may constitute negligence, it is not ''gross negligence or wilful and wanton misconduct,'' within meaning of guest passenger act (1 Comp. Laws 1929, § 4648), and therefore recovery may not be had from host for personal injuries to gratuitous passenger caused by automobile going into ditch.

2. SAME—ELEMENTS NECESSARY TO CONSTITUTE WILFULNESS OR WANTONNESS.

   Elements necessary to characterize injury to guest passenger as being wantonly or wilfully inflicted, within meaning of 1 Comp. Laws 1929, § 4648, are: (1) knowledge of situation requiring exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid resulting harm by ordinary care and diligence in use of means at hand; (3) omission to use such care and diligence to avoid threatened danger, when to ordinary mind it must be apparent that result is likely to prove disastrous to another.

Appeal from Bay; Houghton (Samuel G.), J. Submitted June 14, 1932. (Docket No. 107, Calendar No. 36,183.) Decided September 16, 1932.

As to liability of owner or operator of automobile for injury to guest, see annotation in 20 A. L. R. 1014; 26 A. L. R. 1425; 40 A. L. R. 1338; 47 A. L. R: 327; 51 A. L. R. 581.

On another's negligence as no excuse for wilful or wanton injury, see annotation in 69 L. R. A. 516.

Case by June Willett, by next friend, against Clarence C. Smith for personal injuries sustained while a guest passenger in defendant's automobile. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Affirmed.

*Crane & Crane* (*Carl H. Smith,* of counsel), for plaintiff.

*Collins & Thompson* (*Wm. C. Searl,* of counsel), for defendant.

CLARK, C. J. Plaintiff, a child of seven years, sues by her next friend for damages for personal injuries suffered in an accident while she was a gratuitous guest in the automobile of defendant Smith. Judgment for defendant, notwithstanding the verdict, was entered by order of the court, and this presents the only question in the case, appealed by plaintiff, which is: Was there any evidence of so-called gross negligence or of wilfulness or wantonness of defendant to permit recovery under the guest statute, 1 Comp. Laws 1929, § 4648 (Act No. 19, Pub. Acts 1929), no recovery being permitted by the statute for ordinary negligence, so-called. The statute:

"That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

In the car were plaintiff, her mother, and Mrs. Smith (wife of defendant) with her two young children.

Mrs. Willett, an experienced driver, drove the car from Bay City to near Whittemore, where she and Mrs. Smith exchanged places. Mrs. Smith was experienced in driving her husband's model T Ford, but had driven the car she then had, his model A Ford, but a few times. She drove the car, using the hand throttle, and at a speed of near 25 to 30 miles per hour. She had gone but a short distance, perhaps 20 rods, when apparently she lost her head and lost control of the car; Mrs. Willett grabbed the wheel, told Mrs. Smith to let up on power; the car swayed and went into a ditch. Permitting the car to sway and to go into the ditch, and not then stopping it can hardly be said to be negligence under the circumstances, especially where the driver had lost her head and had lost control. Rather it is a consequence of the prior negligence, if such it be, in attempting to drive without sufficient acquaintance with the method of control of the car and without sufficient experience in driving a car of standard control as distinguished from type of control on the model T. If negligence of Mrs. Smith be conceded, still, under the guest statute, there can be no recovery unless she be guilty of "gross negligence or wilful and wanton misconduct."

Clearly, there was no so-called gross negligence, there being no antecedent negligence of plaintiff, and defendant's negligence, if any, not being subsequent.

As to meaning of the term gross negligence, as here used, see *Bobich* v. *Rogers,* 258 Mich. 343; *Union Trust Co.* v. *Railway Co.,* 239 Mich. 97 (66 A. L. R. 1515); *Finkler* v. *Zimmer,* 258 Mich. 336.

So the inquiry is whether there was wilfulness or wantonness.

According to a note, 69 L. R. A. 516, and text, 20 R. C. L. p. 145, quoted and approved a number of times by this court, the elements necessary to characterize the injury in the case at bar as wantonly or wilfully inflicted are:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

It is necessary to speak of the third element only. It was not apparent to either of these ladies that Mrs. Smith's driving was likely to prove disastrous to the child or children of either of them, or to themselves. Mrs. Smith would not invite disaster to herself, her neighbor or child, and, above all, to her own infant children. Her conduct at most was mere negligence, clearly not wilfulness or wantonness. *Boyle* v. *Moseley*, 258 Mich. 347; *Naudzius* v. *Lahr*, 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179); *Gibbard* v. *Cursan*, 225 Mich. 311.

Under the law there is no escape from approval of the decision of the trial judge.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.