FINDLAY *v.* DAVIS.

1. NEGLIGENCE—INTOXICATION.

Intoxication is not negligence as matter of law.

2. MOTOR VEHICLES—INTOXICATION—MISDEMEANOR—RECKLESS DRIV-
ING—STATUTES.

Driving motor vehicle on highways while intoxicated is misde-
meanor and punishable as such under 1 Comp. Laws 1929,
§ 4695, and is distinguished by statute from recklessly driving
motor vehicle on highways (1 Comp. Laws 1929, § 4696), which
is punishable under separate statutory provision (1 Comp.
Laws 1929, § 4747).

3. SAME—WILFUL AND WANTON MISCONDUCT—GUEST PASSENGER
ACT.

Driving motor vehicle on highways while intoxicated is doing
something prohibited by statute (1 Comp. Laws 1929, § 4695),
and may constitute negligence, but, standing alone, is not
equivalent to wilful or wanton misconduct within meaning of
guest passenger act (1 Comp. Laws 1929, § 4648).

4. SAME—GROSS NEGLIGENCE—WANTON AND WILFUL MISCONDUCT—
GUEST PASSENGER ACT.

Term "gross negligence," as used in guest passenger act (1
Comp. Laws 1929, § 4648), does not mean something of less
degree than wilful or wanton misconduct.

5. SAME—NEGLIGENCE—INTOXICATION—GROSS NEGLIGENCE—WANTON
AND WILFUL MISCONDUCT.

Automobile driver on one-track sand road, who, when he saw
through fog lights of on-coming automobile, unsuccessfully
attempted to get out of track and avoid collision, while he
may have been negligent, was not guilty of gross negligence
or wanton and wilful misconduct within meaning of guest
passenger act (1 Comp. Laws 1929, § 4648), although he had
drunk some intoxicating liquor some time before accident
occurred.

. Appeal from Kent; Perkins (Willis B.), J. Submitted April 12, 1933. (Docket No. 110, Calendar No. 36,695.) Decided May 16, 1933.

Case by Thelma Findlay, by next friend, against Irion G. Davis and another for injuries received while a guest passenger in defendants' automobile. Judgment for defendants on directed verdict. Plaintiff appeals. Affirmed.

*Shaw & McIntyre,* for plaintiff.

*Dunham & Allaben* (*Cornelius Wiarda,* of counsel), for defendants.

POTTER, J. Plaintiff, a minor, by her next friend, sued defendants to recover damages alleged to have been sustained by plaintiff while riding with defendant Davis in an automobile driven by him on a public highway, by reason of his gross negligence and wanton and wilful misconduct. From a verdict for defendants directed by the court, plaintiff appeals. The sole question presented is whether defendant Davis was, under the facts, guilty of gross negligence and wanton and wilful misconduct. There was testimony defendant Davis was intoxicated and that plaintiff had been drinking. Plaintiff denied she had been drinking. The proof is convincing defendant Davis had drunk some intoxicating liquor some time before the accident. He says he was not intoxicated. The road where the accident occurred was a one-track sand road through the woods. There was a heavy fog. The accident occurred in the nighttime in a narrow hollow between two hills. There was a head-on collision with another automobile. It is claimed defendant Davis was guilty of gross negligence and wanton and wilful

misconduct as a matter of law. It is claimed there was testimony defendant Davis was intoxicated, and the question of gross negligence and wanton and wilful misconduct was for the jury. Intoxication is not negligence as a matter of law. Thompson on Negligence, § 6313. Driving a motor vehicle on the public highways of this State when intoxicated is declared to be a misdemeanor (1 Comp. Laws 1929, § 4695), and punishable (1 Comp. Laws 1929, § 4746). This offense is distinguished by statute from recklessly driving a motor vehicle on the public highways (1 Comp. Laws 1929, § 4696), which is by separate statutory provision made punishable (1 Comp. Laws 1929, § 4747). Driving a motor vehicle upon the public highways of the State while intoxicated is doing something prohibited by statute, and may constitute negligence, but the terms, "gross and wanton and wilful," when used in relation to misconduct which constitutes "the violation of a statute or municipal ordinance enacted to promote the public safety and which is often called negligence *per se,* have no legal significance which imports other than simple negligence or want of due care, and are not equivalent to wilful or wanton, and it is error in advance to use them in that sense." Thompson on Negligence, § 20.

Construing the guest act (1 Comp. Laws 1929, § 4648), the trial court held that a driver of an automobile was not liable for injuries received by his guest except when he was guilty of gross negligence or wanton or wilful misconduct, saying, "I have interpreted that language to mean that gross negligence is wilful or wanton misconduct of the driver, wilful being the intentional act on the part of the driver, and wanton being an act in utter disregard of the rights of his passenger." This court

has frequently held, in construing the guest act, the term "gross negligence" does not mean something of a less degree than wilful or wanton misconduct. *Oxenger* v. *Ward*, 256 Mich. 499; *Bobich* v. *Rogers*, 258 Mich. 343; *Mater* v. *Becraft*, 261 Mich. 477. The testimony indicates that defendant Davis, when he saw through the fog the lights of the on-coming car, attempted to get out of the track and avoid collision. He may have been negligent, but the record is barren of proof showing gross negligence or wanton or wilful misconduct. *Grabowski* v. *Seyler*, 261 Mich. 473.

Judgment affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.