ELOWITZ v. MILLER.

LAWRENCE v. SAME.

1. MOTOR VEHICLES—GUEST PASSENGER—DRIVER—NEGLIGENCE.
   Recovery by guest passenger from driver of automobile requires
   that driver know of situation requiring ordinary care, that
   he has ability to avoid resulting harm through means at hand
   but omits to do so when it is apparent result is likely to be
   disastrous to another.

2. SAME—CURVE—SPEED—WILFUL AND WANTON MISCONDUCT.
   Failure of automobile driver to see curve in time to have slowed
   down to safely make turn does not constitute wilful and wan-
   ton misconduct.
   McDONALD, C. J., and WEADOCK, J., dissenting.

Appeal from Washtenaw; Sample (George W.),
J. Submitted October 6, 1933. (Docket No. 81, Cal-
endar No. 37,406.) Decided December 19, 1933.

Separate actions of case by Morris Elowitz and
John J. Lawrence, Jr., against Edwin W. Miller for
personal injuries sustained while guest passengers
in defendant's automobile. Cases consolidated for
trial. Judgments for defendant. Plaintiffs appeal.
Affirmed.

*Bishop & Weaver* (*Henry R. Bishop,* of counsel),
for plaintiffs.

*Payne & Mellott* and *Frank B. DeVine,* for defend-
ant.

SHARPE, J. While the plaintiffs were riding as
guests of the defendant in the city of Ann Arbor on

the night of November 30, 1932, the automobile driven by him left the highway at a street intersection and struck a tree. They were both injured, and brought separate actions against the defendant to recover the damages occasioned thereby. The cases were tried together before the court without a jury, and resulted in judgments for the defendant, from which the plaintiffs have taken an appeal, and, by stipulation, but one record is used therefor.

The judgments were entered on motion of the defendant at the conclusion of plaintiffs' proofs. The errors here relied on are the entry of the judgments for the defendant and the denial of plaintiffs' motions for a new trial on the ground that the judgments were against the great weight of the evidence.

The plaintiffs were students, and the defendant an instructor, at the University of Michigan. There is little dispute in the evidence, although the testimony of the defendant, who was cross-examined by plaintiffs' counsel, differs somewhat from that of the plaintiffs and their witnesses.

The plaintiffs and the defendant and Sidney Voletsky were together during the evening of November 30, 1932, and about 11 o'clock they all agreed to go downtown, or to the campus, to get something to eat. Defendant volunteered the use of his car, a Chevrolet coupe, and they all got into it, he and Elowitz and Voletsky sitting in the seat and Lawrence on Voletsky's lap. Soon after they started, defendant suggested "Let's all go for a ride now," and no objection was made thereto. The three passengers testified that at times he drove at an immoderate rate of speed, particularly when turning corners, and that one of them asked him to return to the campus, and that he was also told "to slow down and watch his driving." They finally

came to a short street about one mile in length, known as "Cedar Bend Drive." It terminated at Wall street, which is 40 feet in width and paved with asphalt. The defendant testified that as they came down the Drive he knew they were approaching a curve, but reached it sooner than he expected; that as soon as he saw it he applied the brakes, and that, had it not been for a spot of ice or gravel at the corner, his "guess" was that he would have made the turn in perfect safety, but that "the car slewed across the road and launched over the curb and hit a tree." He was himself injured in the collision. He also testified that his brakes were in "extremely good working order," and that he had had no trouble in making the many other turns while they were driving; that he at all times felt that he had his car under control, and that he was operating it in a manner that he felt was safe to his passengers and himself. His car was practically new, and he was doubtless anxious to display his skill as a driver and his perfect control over it.

The question presented is tersely stated by plaintiffs' counsel:

"Was the accident caused by the wilful and wanton misconduct of defendant in the operation of his automobile?"

This is in accord with our holding as to liability in *Finkler* v. *Zimmer*, 258 Mich. 336. To sustain the claims of the plaintiffs it must appear that the defendant had " '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened

danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' *Willett* v. *Smith,* 260 Mich. 101.'' *McLone* v. *Bean,* 263 Mich. 113, 115.

If we eliminate the testimony of the defendant that ice or gravel caused his car to skid, of which there is dispute, the proximate cause of the accident was the failure of defendant to see the curve at Wall street in time to have slowed down to safely make the turn. But, as was said in *Van Blaircum* v. *Campbell,* 256 Mich. 527, 528:

"Perhaps he was not as watchful as he should have been. * * * This mere failure, or inadvertence, or lack of care is, at most, ordinary negligence, so-called."

In *Bobich* v. *Rogers,* 258 Mich. 343, the claim of wilful and wanton misconduct on the part of the driver of an automobile was predicated on his neglect to reduce the speed of his car when making a turn, and it was said (p. 345):

"Whether a turn of the road can be made with reasonable safety at any particular speed depends, of course, upon the character and condition of the road and the skill of the driver. We cannot draw a line beyond which mere speed in making a turn departs from negligence and becomes wilful and wanton misconduct."

In our opinion the judgments for the defendant were properly entered, and they are hereby affirmed.

Potter, North, Fead, Wiest, and Butzel, JJ., concurred with Sharpe, J.

McDonald, C. J. (*dissenting*). The defendant was driving at an excessive rate of speed while turning corners and curves. His passengers protested

and requested him "to slow down and watch his driving." If he had heeded their protests the accident would not have occurred. His failure to moderate the speed after being warned of the danger was wanton and wilful misconduct, constituting gross negligence within the meaning of the statute (1 Comp. Laws 1929, § 4648).

The judgment should be reversed and a new trial granted, with costs to the plaintiffs.

WEADOCK, J., concurred with McDONALD, C. J.