GREENFIELD v. DULUTH, SOUTH SHORE & ATLANTIC RAILWAY CO.

1. MOTOR VEHICLES—IMPUTABLE NEGLIGENCE—GUESTS—RAILROADS.
    Failure to see railroad track and train in time to stop automobile and avoid accident was at most ordinary negligence imputable to guest passenger in action by his administratrix against his host and railroad company, and was not gross negligence or wanton and wilful misconduct so as to permit recovery against either defendant.

2. RAILROADS—CROSSING—MOTOR VEHICLES—SIGNALS—NEGLIGENCE.
    Motorist who drives upon railroad track at crossing without having heard a train or any signal in broad daylight and takes no further precaution, does so at his own risk.

Appeal from Baraga; Stone (John G.), J. Submitted June 6, 1934. (Docket No. 36, Calendar No. 37,529.) Decided September 18, 1934.

Case by Louise Greenfield, administratrix of the estate of Joseph Greenfield, deceased, against Duluth, South Shore & Atlantic Railway Company and Elroy Andrews for personal injuries resulting in death of plaintiff's decedent, alleged to be due to negligence of defendant railway company and gross negligence of defendant Andrews in whose car decedent was a guest passenger. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Glenn W. Jackson* (*Richard W. Nebel,* of counsel), for plaintiff.

*Joseph J. O'Connor* (*A. E. Miller* and *Ralph R. Eldredge,* of counsel), for defendant railway company.

*L. J. Carey* and *George J. Cooper,* for defendant Andrews.

Potter, J. Plaintiff's decedent was riding as a guest passenger with defendant Andrews in an automobile when the automobile was struck by the Duluth, South Shore & Atlantic Railway train and decedent suffered injuries ultimately resulting in his death. Suit was brought by his administratrix to recover damages therefor. The accident occurred at a crossing of a trunk line highway and the tracks of the railroad company on the railroad right of way. There is the main track and a spur or loading track along which forest products were piled up. It is plaintiff's claim defendant Andrews was guilty of gross negligence and wanton and wilful misconduct and that such gross negligence and wanton and wilful misconduct is not imputable to plaintiff's decedent; and defendant railway company is liable for its own negligence. Apparently by agreement of parties, the case was disposed of on motion made by

the defendants to direct a verdict after the opening statement of plaintiff's counsel. The important question is whether, under the undisputed facts, defendant Andrews was guilty of gross negligence or wanton and wilful misconduct. It is claimed by plaintiff that Andrews did not see the railroad track and train in time to stop his automobile. In *Elowitz v. Miller*, 265 Mich. 551, it was held the failure of an automobile driver to see a curve in time to slow down and make the turn in safety did not constitute gross negligence or wanton and wilful misconduct, even though the driver of the automobile was familiar with the road and turn. A substantially similar ruling was made in *Mater v. Becraft*, 261 Mich. 477; while in *Bobich v. Rogers*, 258 Mich. 343, it was held not to constitute gross negligence or wanton and wilful misconduct, though defendant was driving at a high rate of speed and was warned by the guest who was injured by defendant making a turn at high speed.

We think the court was correct in holding the defendant Andrews was not guilty of gross negligence or wanton and wilful misconduct. Defendant Andrews may have been guilty of negligence, and being guilty of ordinary negligence his negligence is imputed to plaintiff's decedent who was riding with him, and such negligence upon the part of defendant Andrews contributed to the injury of plaintiff's decedent which resulted in his death, and plaintiff may not recover against the railroad company, even though the railroad company may have been negligent in the operation of its train which, under the opening statement of counsel, does not affirmatively appear.

A railroad company owns its own right of way. It has a right to operate its trains thereon. A railroad crossing is a place of danger. The accident involved

occurred in broad daylight; the train was being operated in a place where it had a right to be. It is not claimed it was operating at an undue rate of speed. There is no affirmative statement that the whistle was not blown nor the bell rung. The only claim being that plaintiff's decedent and those riding with him in the automobile heard no warning sign from bell or whistle. This court in *Davis* v. *Railway Co.*, 241 Mich. 166, approved the rule as laid down by the supreme court of the United States in *Baltimore & Ohio R. Co.* v. *Goodman*, 275 U. S. 66 (48 Sup. Ct. 24, 56 A. L. R. 645), the language from which is peculiarly applicable to the facts here involved. We see no reason for disturbing the judgment of the trial court which is affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.