JOHNSON v. FREMONT CANNING CO.

1. PLEADING—AMENDMENT—GROSS NEGLIGENCE—AUTOMOBILES.
   In action for injuries to experienced motorist, received when her car collided with uncoupled trailer temporarily parked in the nighttime partially on the pavement with lighted flares nearby, permission granted plaintiff to charge wilful and wanton misconduct and gross negligence in leaving trailer under such circumstances without a man to keep warning lights lighted and properly placed ·held, not an abuse of discretion.

2. SAME—AMENDMENT—STATUTES.
   The general statute permitting amendment of pleading is broad, is to be liberally construed, the right to permit amendments in accordance with the statute being vested in the sound

discretion of the court, and is aimed to abolish technical errors in proceedings so as to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties (3 Comp. Laws 1929, § 14144 *et seq.*).

3. SAME—AMENDMENTS—NEW CAUSE OF ACTION.

The two tests by which to determine whether an amendment introduces a new cause of action are whether the same evidence will support both the original and amended declaration and whether the same measure of damages will apply to both.

4. NEGLIGENCE—AUTOMOBILES—SPEED—STOPPING WITHIN RANGE OF VISION.

It is negligence as a matter of law to drive an automobile along a public highway in the dark at such a speed that it cannot be stopped within the distance that objects can be seen ahead of it.

5. AUTOMOBILES — SPEED — CONTRIBUTORY NEGLIGENCE — ICY PAVEMENT.

Motorist who drove on pavement that was icy in spots when her lights would not show more than 50 or 60 feet away owing to a curve and who did not slacken speed while ascending or descending viaduct and collided with trailer temporarily parked partially on the pavement after seeing glare from a warning light *held*, guilty of contributory negligence as a matter of law, although she could have stopped within much less distance on dry pavement.

6. NEGLIGENCE—WILFUL AND WANTON MISCONDUCT DEFINED.

Elements necessary to constitute wilful and wanton misconduct are (1) knowledge of a situation requiring exercise of ordinary care and diligence to avert harm to another; (2) ability to avoid resulting harm by ordinary care and diligence in use of means at hand; (3) omission to use such care and diligence to avert threatened danger, when to ordinary mind it must be apparent that the result is likely to prove disastrous to another.

7. SAME—GROSS NEGLIGENCE DEFINED.

Gross negligence is an intentional failure to perform a manifest duty in reckless or thoughtless disregard of the consequences as affecting the life or property of another, without any effort to avoid them; it does not mean something of less degree than wilful and wanton misconduct.

8. Automobiles—Trailers Parked on Highway Without Attend-
ant—Gross Negligence.

> In action for injuries to experienced motorist, resulting from
> collision by plaintiff's car with an uncoupled trailer tem-
> porarily parked partially on pavement of highway on curve,
> defendant's agents who were operating truck and trailer and
> were unable to continue over the hill because of stalled cars
> in front of them and icy condition of pavement caused them to
> slip backward, *held,* not guilty of gross negligence in failing
> to have a man stand guard and warn passing traffic where
> lighted flares were left in front and back of trailer (Act
> No. 129, § 2, Pub. Acts 1931).

Appeal from Ottawa; Miles (Fred T.), J.   Sub-
mitted January 11, 1935.   (Docket No. 71, Calendar
No. 38,150.)   Decided March 5, 1935.

Case by George Johnson against Fremont Can-
ning Company, a Michigan corporation, for damages
sustained in a collision with a trailer on a State
highway.   Verdict and judgment for plaintiff.   De-
fendant appeals.   Reversed, without a new trial.

*Leo C. Lillie,* for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendant.

Edward M. Sharpe, J.   This case is a suit for
damages growing out of an automobile collision and
from the record we find the following facts:   On the
morning of November 8, 1933, plaintiff and wife left
Muskegon at about 1.30 a. m., with the intention of
driving to their home in Grand Haven.   The pave-
ment over which they drove was icy in patches and
wet in other places and it was impossible to distin-
guish the ice spots from the wet spots when looking
at them from a moving automobile.

At the same time the agents of defendant com-
pany were operating a truck and trailer from Chi-

cago destined to Fremont, Michigan. They found the pavement almost a continuous glare of ice from Michigan City to the place where the accident occurred. They continued on their journey to a point about one mile north of Grand Haven, here the highway is of concrete construction, 22 feet wide, with a slight incline and curves to the west.

The employees of defendant company were forced to stop on the ascent before reaching the top of the viaduct, due to other cars being stalled on the pavement ahead of them. In attempting to proceed further, they were unable to do so and their truck and trailer started to slide down the incline. In doing so the trailer skidded to the opposite or west side of the pavement. The left wheels of the trailer slid completely off the pavement, and when it came to a stop it was headed due north on the west side of the pavement with about three feet of the trailer on the pavement. Under these conditions the employees of the defendant company, finding it impossible to move the trailer any further, unhooked it from the truck and placed a lighted flare about 15 feet to the north of the trailer and six feet east therefrom; and also placed another flare in the rear of the trailer in a similar position. After doing this the driver and helper of defendant company left to obtain aid in getting the trailer back on the pavement. During their absence plaintiff and wife approached the viaduct, traveling at a speed of 25 miles per hour. Because of the curve in the highway, plaintiff's lights would not disclose an object in the highway more than 50 feet away. Plaintiff's wife was driving the car and observed the trailer when she was some 100 feet away. At about 40 or 50 feet from the trailer, she put on the brakes of the automobile and the car skidded partly off the pavement and into the

trailer. At the time of the collision the flare in the rear was not burning and the flare to the north of the trailer had been moved a few feet to the west. The record also discloses that plaintiff's wife was an experienced driver and traveling at the rate of 25 miles per hour on a dry pavement could stop the car in a distance not greater than 20 feet; that as she descended the incline she saw a car approaching from the south, but did not slacken her speed until she applied the brakes. The result was a collision with the trailer and serious injuries to plaintiff's wife.

The cause was tried before a jury and at the conclusion of plaintiff's case the court permitted the plaintiff to amend his declaration charging the defendant company with wilful and wanton misconduct in leaving the trailer on the highway, under the conditions existing at that time, without a man in charge of it to warn traffic of the danger ahead, and without a man to see that the warning lights were kept lighted and properly placed around the trailer.

The jury returned a verdict for the plaintiff from which defendant appeals, contending that it was an abuse of discretion on the part of the trial judge to permit plaintiff to amend his declaration in the manner and form as above stated.

"The general statute of amendments (3 Comp. Laws 1929, § 14144 *et seq.*) is broad and is to be liberally construed. *Peacock* v. *Railway Co.*, 208 Mich. 403 (8 A. L. R. 964); *LaPlante* v. *DuPont*, 223 Mich. 343 (31 A. L. R. 694, 23 N. C. C. A. 1); *Wabash R. Co.* v. *Marshall*, 224 Mich. 593; *Gillen* v. *Wakefield State Bank*, 246 Mich. 158. The right to permit amendments, in accordance with the statute, is vested in the sound judgment and discretion of

the trial court. It aims to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties. We think the action of the trial court was fairly within his discretion." *M. M. Gantz Co.* v. *Alexander,* 258 Mich. 695.

In *Commonwealth* v. *A. B. Baxter & Co.,* 235 Pa. 179, 187 (84 Atl. 136, 42 L. R. A. [N. S.] 484), it is said:

"In some other jurisdictions it has been held that the two tests by which to determine whether an amendment introduces a new cause of action are: (1) Whether the same evidence will support both the original and amended declarations; and (2) whether the same measure of damages will apply to both; and if both of these fail, the new pleadings must be held to introduce a new cause of action."

See, also, *Hurst* v. *Railway Co.,* 84 Mich. 539; *Scovill* v. *Glasner,* 79 Mo. 449; *Burt* v. *Kinne,* 47 N. H. 361.

We think there was no abuse of discretion on the part of the trial court in permitting the amendment.

The next question that presents itself to us is the kind of negligence, if any, of the driver of the plaintiff's car. In *Angstman* v. *Wilson,* 258 Mich. 195, we said:

"Mr. Angstman violated the oft-announced rule of this court that:

"'It is negligence as a matter of law to drive an automobile along a public highway in the dark at such a speed that it cannot be stopped within the distance that objects can be seen ahead of it.' *Lett* v. *Summerfield & Hecht* (syllabus), 239 Mich. 699. * * *

"'But we do not think the rule should be weakened by engrafting exceptions on it or modifying it. Its observance bespeaks the safety of human life and limb and of property. Had it been observed on the night in question, this unfortunate accident would not have happened.'"

In *Elrich* v. *Schwaderer*, 251 Mich. 33, an attempt was made to recover damages when plaintiff's decedent drove an automobile during the nighttime into a concrete mixer, the impact resulting in fatal injuries.

"The question whether decedent was guilty of contributory negligence or not, in driving along the road under the conditions, at the rate indicated by the force of the impact, and in not slowing his car when the concrete mixer came within range of his lights, and avoiding the collision, has been before this court so frequently that it is unnecessary to repeat what has been said in the following cases: *Spencer* v. *Taylor*, 219 Mich. 110; *Holsaple* v. *Superintendents of Poor of Menominee Co.*, 232 Mich. 603; *Lett* v. *Summerfield & Hecht*, 239 Mich. 699; *Haney* v. *Troost*, 242 Mich. 693; *Ruth* v. *Vroom*, 245 Mich. 88 (62 A. L. R. 1528); *Bielecki* v. *United Trucking Service*, 247 Mich. 661. In the aforesaid cases the accident happened under somewhat similar circumstances, and we held there was contributory negligence as a matter of law."

In *Sellon* v. *Tanner*, 252 Mich. 231, a recovery was sought for plaintiff riding as a guest of the driver, whose car collided at an intersection with a truck operated by defendant. Judgment for the plaintiff was reversed. Mr. Justice WIEST, speaking for the court, said:

"The driver, with whom plaintiff was riding, did not see the truck, until just as his car struck it, because he was watching the black mark or center line of the pavement in order to avoid the path of cars going south on the other side of the line. Conceding defendant's negligence, we have contributory negligence of plaintiff's driver established by the testimony of the driver. It is negligence, as a matter of law, for the driver of a car to proceed over

a highway without looking to see whether he can do so in safety. Lights on cars are intended to disclose the way ahead after dark, and, if they fail to do so for any reason, it is a warning to the driver not to proceed without having vision of the way.''

The facts in the instant case show that the driver of plaintiff's car on a dry pavement could stop at the rate she was traveling immediately prior to the collision in a distance of 20 feet. She knew the pavement was icy and slippery, she was familiar with the road, the lights on the car would not reveal an object more than 50 or 60 feet away owing to a curve in the road, she did not slacken her speed ascending or descending the viaduct. She saw the glare from one of the warning lights when she was 50 feet away from the trailer and then for the first time applied the brakes. We think that under these circumstances she was guilty of contributory negligence.

The next question that appears to us is, does the testimony show wilful and wanton misconduct on the part of the employees of the defendant company?

In *McLone* v. *Bean,* 263 Mich. 113, we said:

''The first question to be considered is: Does the plaintiff's testimony show wilful and wanton misconduct on the part of the defendant? (1 Comp. Laws 1929, § 4648.)

''The elements necessary to constitute wanton and wilful misconduct are:

'' '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' *Willett* v. *Smith,* 260 Mich. 101.''

"In *Denman* v. *Johnston,* 85 Mich. 387, 396, the term 'gross negligence' was held to mean 'an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another. It also implies a thoughtless disregard of consequences, without the exertion of any effort to avoid them.' " *Oxenger* v. *Ward,* 256 Mich. 499, 502.

"Automobile driver who drove across through highway without obeying 'stop' sign, resulting in collision and injury to guest passenger in his car, while guilty of ordinary negligence, was not guilty of gross negligence within meaning of 'guest' statute (1 Comp. Laws 1929, § 4648), and therefore is not liable for said injuries." *Oxenger* v. *Ward* (syllabus), *supra.*

In *Bobich* v. *Rogers,* 258 Mich. 343, this court held that it was not gross negligence for defendant to drive his automobile at such a high rate of speed that he was unable to make a sharp turn without losing control of his car, and, as a consequence, the car left the roadway and overturned; also that the term "gross negligence" does not mean of less degree than wilful and wanton misconduct.

"Automobile driver whose car was struck by train, resulting in injury to guest passenger, was not guilty of gross negligence, where she believed she could cross in front of it, although her attention was called to approaching train when her automobile was 50 or 60 feet from crossing, and better judgment might have dictated that she attempt to stop before reaching crossing (1 Comp. Laws 1929, § 4648)." *Morgan* v. *Tourangeau* (syllabus), 259 Mich. 598.

"Failure to see railroad track and train in time to stop automobile and avoid accident was at most

ordinary negligence imputable to guest passenger in action by his administratrix against his host and railroad company, and was not gross negligence· or wanton and wilful misconduct so as to permit recovery against either defendant." *Greenfield* v. *Railway Co.* (syllabus), 268 Mich. 277.

In the instant case we find that the agents of the defendant company were unable to continue their progress up the grade and over the viaduct because of the condition of the highway. They then found their truck and trailer slipping backward across the highway, at this point they did all within their power to get the trailer off the pavement and failing to do so they lighted flares and placed one in front and one back of the trailer. The law does not require a man to stand guard and warn passing traffic where only one trailer is temporarily parked upon the highway. See Act No. 129, § 2, Pub. Acts 1931.

The claimed negligence on the part of the defendant company's agents was in attempting to travel over the viaduct under the conditions that prevailed at the time of the collision and in the failure to properly guard the trailer so as not to endanger the lives and property of others who might be lawfully on the highway. While the negligence of the defendant company may have been different than that of the plaintiff's driver, yet it could not be termed gross negligence within the meaning of our former decisions.

The judgment is reversed without a new trial, defendant may have costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.