SHERMAN *v.* YARGER.

1. Appeal and Error—Directed Verdict—Evidence.
   In reviewing propriety of directing verdict for one of the parties, evidence of the adverse party must be taken as true and considered in light most favorable to him.

2. NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

Since there is no exact standard of measurement by which to determine where negligence ends and wilful or wanton misconduct begins each case must be decided on its own facts (1 Comp. Laws 1929, § 4648).

3. AUTOMOBILES—GUEST PASSENGERS—WILFUL AND WANTON MISCONDUCT—ELEMENTS.

Elements necessary to characterize injury as being wilfully and wantonly inflicted so as to allow recovery under the guest passenger act are: (1) knowledge of situation requiring exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid resulting harm by ordinary care and diligence in use of means at hand; (3) omission to use such care and diligence to avert threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (1 Comp. Laws 1929, § 4648).

4. SAME—EVIDENCE—QUESTION FOR JURY—WILFUL AND WANTON MISCONDUCT.

Evidence that motorist, in attempting to drive car so as to remove person on tire carrier while passing through park with which he was unfamiliar, skidded into a tree and injured plaintiff, a guest passenger, who had objected to speed at which car was driven around curve *held*, insufficient to require determination by jury as to whether defendant was guilty of wilful and wanton misconduct under guest passenger act (1 Comp. Laws 1929, § 4648).

Appeal from the Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 6, 1935. (Docket No. 41, Calendar No. 38,417.) Decided September 9, 1935.

Case by Gaylord Sherman, by his next friend, Jacob M. VanderWal, against Max Yarger for personal injuries sustained while a guest passenger in defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Allaben & Wiarda,* for plaintiff.

*Rodgers & Dunn,* for defendant.

BUSHNELL, J. This case involves the application of that portion of the motor vehicle law commonly known as the guest act (Act No. 19, Pub. Acts 1929, 1 Comp. Laws 1929, § 4648), which reads:

"Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The appeal alleges as error a directed verdict for the defendant, following the close of plaintiff's case and before any testimony was offered by the defendant. Both parties to the action are under 21 years of age and with others were returning from a picnic supper. Defendant was driving his Ford roadster, in which plaintiff was sitting in the rumble seat section on the floor, the cushion having been removed. Two girls, not called as witnesses, were also in the car, one seated with plaintiff and the other with defendant. The car stopped en route and another member of the party, Merton Rogers, climbed onto the tire carrier and refused to get off. Defendant denies driving his car so as to throw Rogers off, but there is testimony by plaintiff that Yarger said to Rogers, "Well, I will get you off in some way," and started up his car almost fast enough to spin the tires. The road in Townsend Park, through which the parties were traveling, is hilly, with short, sharp curves. Before reaching the curves, Rogers climbed into the left-hand side of the rumble seat space, where he stood until the accident. The first curve

was negotiated in safety, although Sherman objected to the speed at which Yarger was driving by calling out in a loud voice.  While traveling at about the same speed, a tree loomed up, apparently in the center of the road; Yarger applied his brakes and skidded into the tree, throwing Sherman onto the metal corner of the rumble seat, causing "severe and serious injury."  The record shows that the day of the accident was the first time Yarger had ever been in the park.

Does the testimony establish sufficient facts to require the determination of defendant's alleged wilful and wanton misconduct by the jury?  In reviewing the propriety of directing a verdict for one of the parties, the evidence of the adverse party must be taken as true and considered in the light most favorable to him.

As stated in *Goss* v. *Overton,* 266 Mich. 62:

"There is no exact standard of measurement by which we may determine where negligence ends and wilful or wanton misconduct begins, and each case must be decided on its own facts."

In *Willett* v. *Smith,* 260 Mich. 101, we said that certain elements were necessary to characterize an injury as being wantonly or wilfully inflicted, viz:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

In the *Goss Case* the defendant was warned of the danger ahead by the swirling cloud of dust surrounding a curve, whose location he knew or should have

known; yet disregarding the consequences he went recklessly ahead.

In *Bobich* v. *Rogers,* 258 Mich. 343, defendant lost control of his car while turning a curve, but there; in spite of speed and warning, we held the negligence fell short of wilful and wanton misconduct.

In *Elowitz* v. *Miller,* 265 Mich. 551, "the proximate cause of the accident was the failure of the defendant to see the curve * * * in time to have slowed down to safely make the turn," and we affirmed the judgment for defendant.

In the light of these authorities and others cited in the briefs, we have examined the testimony presented on behalf of plaintiff and agree with the determination of the trial judge that, as a matter of law, the motion for a directed verdict in favor of the defendant should have been granted.

The judgment is affirmed, with costs.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.