OLSZEWSKI *v.* DIBRIZIO.

1. TRIAL—DIRECTED VERDICT—EVIDENCE.

Upon defendant's motion for directed verdict, it is the duty of the trial court to view plaintiff's testimony in its most favorable light.

2. AUTOMOBILES — DIRECTED VERDICT — GUEST PASSENGERS — BOTH HANDS OFF STEERING WHEEL—GROSS NEGLIGENCE.

In action by guest passenger for injuries sustained by her while riding in defendant's automobile when defendant took both his hands off the steering wheel to light a cigarette as a result of which the car left the road, ran into a ditch and tipped over, directed verdict for defendant *held*, proper, defendant not being guilty of gross negligence as a matter of law (1 Comp. Laws 1929, § 4648).

FEAD, C. J., and SHARPE, J., dissenting.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 15, 1937. (Docket No. 92, Calendar No. 39,484.) Decided October 4, 1937.

Case by Stella Olszewski against Anthony Dibrizio for personal injuries sustained while a guest passenger in defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dohany & Dohany,* for plaintiff.

*Howard D. Brown* (*Robert Jamieson* and *Philip N. Marentay,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant for damages arising from personal injuries alleged to have been sustained by her while she was riding with defendant in his automobile as a guest passenger, August 4, 1935. She charges defendant with gross negligence arising from driving at an excessive rate of speed and in violation of the statute, and that "said defendant wilfully and wantonly removed both of his hands from the steering wheel of his said automobile in an effort to light a cigarette," as a result of which the automobile left the road, ran into a ditch, tipped over and plaintiff was injured. Upon the hearing, the trial court directed a verdict for defendant. Plaintiff appeals.

The only question is whether the trial court was right in directing a verdict for defendant.

Upon motion for directed verdict, it is the duty of the trial court to view plaintiff's testimony in its most favorable light. The record shows plaintiff up to the time of the accident had been using ordinary care. It was a bright day, the pavement was dry, and the parties were on their way to a picnic.

In *Willett* v. *Smith,* 260 Mich. 101; *McLone* v. *Bean,* 263 Mich. 113; *Elowitz* v. *Miller,* 265 Mich. 551; *Johnson* v. *Fremont Canning Co.,* 270 Mich. 524; and *Sherman* v. *Yarger,* 272 Mich. 644, this court attempted to enumerate the essential elements of wilful and wanton misconduct as (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. Ordinary negligence fulfills

the requirements of this attempted definition or enumeration and by the application of the test prescribed becomes synonymous with gross negligence. We have frequently held and now hold that gross negligence as used in the guest statute * is synonymous with wilful and wanton misconduct. *Oxenger* v. *Ward,* 256 Mich. 499; *Bobich* v. *Rogers,* 258 Mich. 343; *Mater* v. *Becraft,* 261 Mich. 477; *Findlay* v. *Davis,* 263 Mich. 179; *Riley* v. *Walters,* 277 Mich. 620; *Breckenridge* v. *Arms,* 279 Mich. 384. The trial court arrived at a correct conclusion.

Judgment affirmed, with costs.

BUTZEL, BUSHNELL, and CHANDLER, JJ., concurred with POTTER, J.

WIEST, J. (*concurring*). I concur in the result of Mr. Justice POTTER's opinion, but not in his holding that the term "gross negligence as used in the guest statute * is synonymous with wilful and wanton misconduct."

My Brother has written several opinions of the court on this subject and stated therein as in *Findlay* v. *Davis,* 263 Mich. 179:

"This court has frequently held, in construing the guest act,* the term 'gross negligence' does not mean something of a less degree than wilful or wanton misconduct."

My Brother now returns to his statement in *Riley* v. *Walters,* 277 Mich. 620, 631:

"The term 'gross negligence' as used in a majority of the cases where the term has been defined in this State has no application to the term as ordinarily used under the guest statute * where it is

* 1 Comp. Laws 1929, § 4648.—REPORTER.

used as synonymous with wilful and wanton misconduct.''

We had occasion in that case, in a concurring opinion, to point out that the term ''wilful and wanton misconduct'' carries a meaning of its own.

North, J., concurred with Wiest, J.

Fead, C. J. (*dissenting*). There was testimony that defendant was driving at a speed of 55 miles per hour; he followed a car going in the same direction and intended to pass it; as he swung to the left to pass the car ahead he took his right hand off the steering wheel and struck a match to light a cigar; while his car was still angled to the left he took his other hand off the wheel; the car ran off the road and into a ditch.

Defendant must be credited with ordinary intelligence and ordinary knowledge of driving. It must be assumed that he knew the car would continue to run, although he took his hands off the wheel, and would run straight in the direction it was headed unless deflected. Reasonable minds cannot disagree that it is misconduct for a driver to let go of the steering wheel of the car going at a high speed. Fifty-five miles per hour is high speed. Defendant's misconduct was wilful, because he did it intentionally, voluntarily, and without compulsion or excuse or under stress. It was wanton, because it was wholly disregardful of consequences. Any ordinarily intelligent person would expect the car to continue on its angling course and leave the highway in a fraction of a second. Defendant cannot be presumed to have been ignorant of the obvious, natural and practically inevitable consequences of his act.

Under the testimony, whether defendant was guilty of wilful and wanton misconduct was a question of fact for the jury.

Judgment should be reversed, with new trial and costs.

SHARPE, J., concurred with FEAD, C. J.