MARY A. GARVIE v. THE CLOVERLEAF, INC.

187 So. 360.
Division B.
Opinion Filed March 14, 1939.
Rehearing Denied April 6, 1939.

*Will O. Murrell,* for Plaintiff in Error;

*John L. Nixon* and *Marks, Marks, Holt, Gray & Yates,* for Defendant in Error.

BROWN, J.—This is an appeal from an order denying plaintiff's motion to file her "Fourth Amended Declaration" and dismissing the cause of action at the cost of plaintiff. In her declaration plaintiff alleged:

"That on or about the twenty-sixth of August, 1933, on

the Chicago, Illinois-Detroit, Michigan, public highway, near Artesian Wells, Michigan, about fourteen miles from Hudson, Michigan, the defendant was the owner of an automobile in which the plaintiff was then and there riding as a guest of the defendant. That at said time and place the defendant's said automobile was being operated in an easterly direction, by and with the knowledge and consent of the defendant. That at said point there was a junction in said highway, where traffic leading to and from Hudson, Michigan, and Toledo, Ohio, and other large cities met and joined said highway; that said highway was traversed and traveled by hundreds of automobiles daily between two huge and large cities, to-wit, Chicago, Illinois, and Detroit, Michigan, where heavy traffic was apparent to the operator of the defendant's said automobile, who had traveled during said date in and upon said highway; that at said junction there was a red, flashing signal light, which was properly operating, facing and flashing towards the defendant's said automobile, which said red, flashing signal light was kept and maintained at said junction for the purpose of warning travelers using said highway in the direction that the defendant's automobile was traveling of the danger at said junction, and that ordinary care and diligence was necessary in the operation of such motor vehicles to avoid injury to persons in the use of said highway; that there was a hill and downgrade on said highway approaching said red, flashing signal light in the direction defendant's automobile was being operated, and that immediately east of said red, flashing, warning signal there was another automobile being operated across said highway, traversing the path being traveled by defendant's motor vehicle, all of which was known to the operator of the defendant's automobile in ample time, by use of the means at hand, to avert the collision and injury hereinafter referred to, through the use of

ordinary care and diligence. That it was then and there the duty of the operator of the defendant's automobile to heed the circumstances aforesaid.

"And the plaintiff alleges that the operator of the defendant's automobile aforesaid was then and there guilty of negligence and recklessness as is characterized by wantonness and wilfulness in the premises in this, to-wit, that the said operator of the defendant's said automobile then and there propelled and ran the same at a high, dangerous and reckless rate of speed, to-wit, 55 miles per hour, on said highway toward said junction and said flashing, red light and signal and said other automobile crossing the said highway, then and there not regarding his duty thereabout after knowledge of the aforesaid facts and failed to apply the brakes or slacken such speed and did then and there, wilfully and knowingly, increase the speed of said automobile and cause the same to be propelled as aforesaid down said hill and downgrade, and past said flashing, warning signal, continuously increasing such speed to travel such highway ahead of the said other automobile then crossing said highway, thereby causing said automobile to come into such violent collision and impact as to cause the defendant's automobile to be hurled into an adjoining ditch and careen and overturn three times * * * "

Section 4648, Mich. Comp. Laws 1929 (Public Acts, 1929-No. 19) provides, *inter alia*:

" * * * That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence of wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton mis-

conduct contributed to the injury, death or loss for which the action is brought."

The issue raised by the motion to file the "Fourth Amended Declaration" and passed on by the lower court is: That under the laws of Michigan, a guest injured by the collision of the automobile in which he is riding has no cause of action against the owner of the automobile to recover damages for personal injuries unless such injuries shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such car, and that the allegations of the declaration do not disclose gross negligence or wilful and wanton misconduct of the owner or operator as the proximate cause of the collision.

The several conflicting decisions of the Michigan Supreme Court cited by the parties hereto involving definitions of the terms "gross negligence" and "wilful and wanton misconduct" have culminated in Thayer v. Thayer, 286 Mich. 273, 282 N. W. 145. In the latter case all of the judges concurred in the following principle:

"Cases involving claimed wanton and wilful misconduct are equally applicable to a situation where gross negligence is charged because, notwithstanding our division in Olszewski v. Dibrizio, 281 Mich. 423, 275 N. W. 194, we have recently unanimously held in Pawlicki v. Faulkerson, 285 Mich. 141, 280 N. W. 141, that the term 'gross negligence' as used in the Guest statute, *supra,* is synonymous with wilful and wanton misconduct."

In Willett v. Smith, 260 Mich. 101, 244 N. W., 246; McLone v. Bean, 263 Mich. 113, 248 N. E. 566; Elowitz v. Miller, 265 Mich. 551, 251 N. W. 548; Johnson v. Fremont Canning Co., 270 Mich. 524, 259 N. W. 660; and Sherman v. Yarger, 272 Mich. 644, 262 N. W. 318, the Supreme Court of Michigan attempted to enumerate the

essential elements of wilful and wanton misconduct as (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. This is the test which plaintiff contends should be applied in the case at bar.

In Olszewski v. Dibrizoi, 281 Mich. 423, 275 N. W. 195, the above test was abrogated by the Michigan Court in the following language:

"Ordinary negligence fulfills the requirements of this attempted definition or enumeration, and by the application of the test prescribed synonymous with gross negligence."

The declaration alleges that the automobile of defendant was being operated in an easterly direction towards a junction of two main highways where heavy traffic was apparent to the operator of defendant's car; that there was a down-hill grade in the path of defendant's automobile as it approached the junction; that there was a red, flashing signal, warning the operator of said automobile of the danger at the junction; that immediately east of the warning signal light another automobile was being operated across said highway traversing the path of defendant's automobile, all of which was known to the driver of defendant's automobile in ample time, by use of the means at hand, to avert the collision and injury referred to; that the automobile of defendant was being operated at a speed of 55 miles per hour and the speed was wilfully increased in a wilful and wanton attempt to traverse the intersection of the two highways ahead of the said automobile then crossing the same and thus causing defend-

ant's automobile to violently collide with said other automobile.

Under the allegations of the declaration, the operator's misconduct was wilful and wanton because the speed of the car was increased intentionally, voluntarily and without compulsion in an effort to cross the highway in front of the approaching automobile. It was wanton because it was wholly disregardful of consequences. The operator cannot be presumed to have been ignorant of the obvious, natural and practically inevitable consequences of his act. The declaration shows the conscious and wilful doing of an act which was obviously fraught with great and impending dangerous consequences to the plaintiff, as well as the other occupants of the car.

We are therefore of the opinion that the declaration did not wholly fail to state a cause of action under the Michigan guest statute, and that the lower court erred in refusing to allow plaintiff to file same. However, the allegations in the declaration setting forth the quotations from opinions of the Supreme Court of Michigan construing said statute might well have been omitted, and are subject to being stricken on motion if duly interposed.

Defendant contends that although this Court has not determined how many times a plaintiff in a damage suit may amend a declaration it has clothed the trial court with broad discretion in the matter of allowing or refusing amendments and unless there is a gross and flagrant abuse of the discretion the appellate court will not interfere with its exercise.

Plaintiff in each of her amendments sought only to perfect her complaint of gross negligence which she pleaded from the inception of the suit, so as to meet the rulings of the several circuit judges who passed on the pleadings at different times, and amendments in each case served a useful purpose in this capacity. The instant case

is based upon the gross negligence or wilful and wanton misconduct of defendant, under the Michigan statute as construed by the Supreme Court of that State, and the sufficiency of the declaration as amended could not be determined except by a close examination of the facts alleged in the light of the Michigan cases.

Sec. 4295, C. G. L. 1927, is designed to enable a pleader to state a cause of action, if he has one, and courts should aim, when reasonably possible to do so, to dispose of causes on their merits, and to allow amendments when the right to amend is not abused by the pleader, or the rights of the opposite party are not thereby invaded. In this connection, see Adams v. American Agricultural Chemical Co., 78 Fla. 362, 82 So. 850. In this case, it was no easy task to run down and reconcile the various Michigan decisions, and meet the construction placed thereon by the different circuit judges who ruled upon the demurrers interposed to these several amended declarations. We are satisfied that the pleaders efforts were bona fide and diligent.

While there must be a limit to the allowance of amendments, under the peculiar facts of this case, we must hold that the failure of the lower court to allow plaintiff to file her "Fourth Amended Declaration" constituted reversible error.

The judgment is therefore, reversed and remanded for further proceedings not inconsistent with the views herein expressed.

Reversed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

Justices BUFORD and THOMAS, not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.