73 So.2d 902 (1954)
SLAVIN
v.
McCANN PLUMBING CO.
Supreme Court of Florida. Division A.
July 9, 1954.
Nichols, Gaither, Green, Frates & Beckham, Miami, for appellant.
Rollo E. Karkett, Miami, for appellee.
TERRELL, Justice.
Alleging that he was seriously injured when a guest at the Carousel Apartment Motel in Miami, appellant brought this action to secure damages for permanent injuries against Gaines Construction Co., the operators of the motel, and McCann Plumbing Co. who installed the wash basin therein which caused the injury. The trial court granted motion to dismiss as to McCann Plumbing Company and the plaintiff appealed.
The point for determination is whether or not the trial court committed error in dismissing the complaint with prejudice as to McCann Plumbing Co.
The argument of counsel is directed pro and con to the well-settled rule that contractors, vendors and manufacturers are not liable for injuries to third parties occurring after the contractor has completed the work and turned the project over to the owner or employer and it has been accepted by him. Appellant was a "third party" and McCann Plumbing Co. was a "contractor" as contemplated by this rule. It is well known from the decisions that there are about as many exceptions to this rule as there are factual situations to which it is applied. In Breeding's Dania Drug Co. v. Runyan, 147 Fla. 123, 2 So.2d 376, and in Carter v. Livesay Window Co., Fla., 73 So.2d 411, this Court recognized exceptions to it. There are other cases in this and other jurisdictions of similar import. We think the complaint is vulnerable to the test for simple negligence as well as to the dangerous instrumentality doctrine contemplated by Breeding's Dania Drug Co. v. Runyan or Carter v. Livesay Window Company. We think, however, that leave should have been given to amend the complaint. Garvie v. Cloverleaf, Inc., 136 Fla. 899, 187 So. 360; Rule 1.15(e), 1954 Rules of Civil Procedure.
The judgment appealed from is accordingly affirmed but with instructions to permit amendment of the complaint if so desired.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.