98 So.2d 394 (1957)
Anne M. FOUTS, Appellant,
v.
Louis MARGULES, d/b/a Modern Interiors, Appellee.
No. 57-125.
District Court of Appeal of Florida. Third District.
November 5, 1957.
*395 E.E. Jordan, Fort Lauderdale, for appellant.
Lane, Primm & Lane, Miami, for appellee.
PEARSON, Judge.
The plaintiff appeals from an order dismissing her complaint with prejudice. The trial judge ruled that the complaint was not amendable. The complaint sounds in tort and the allegations purporting to set forth negligence are clearly insufficient. These allegations do not, however, preclude the existence of a cause of action; therefore, that portion of the order of dismissal, dismissing the cause with prejudice and denying the privilege of amendment, is reversed.
That allegations of the complaint pertaining to the duty and the breach thereof are, if summarized in the light most favorable to the pleader, to the effect that the plaintiff was a business invitee in the defendant's place of business, where she was directed by the sales woman into the rear portion of the defendant's store in order to inspect merchandise for purchase. Further that she there fell over an exposed iron frame hollywood bed. No further particulars are given except by way of conclusion that the frame bed was left in a dangerous place.
It is strenuously urged that the plaintiff should have seen the article over which she stumbled and cut herself. Possibly she should have done so, but it cannot be said to be conclusively true from the scanty allegations of the complaint. Leave to amend should not be denied unless, and until the privilege to amend has been abused. This is true even though the trial judge is of the opinion that the proffered amendments would not result in the statement of a cause of action. Rule 1.15, 1954 Rules of Civil Procedure, 30 F.S.A.; Slavin v. McCann Plumbing Co., Fla. 1954, 73 So.2d 902; Town of Coreytown v. State ex rel. Ervin, Fla. 1952, 60 So.2d 482, 487, and cases therein cited. Of course this rule does not preclude a dismissal with prejudice where the complaint is clearly not amendable.
Affirmed in part and reversed in part.
CARROLL, CHAS., C.J., and HORTON, J., concur.