TURNEY *v.* MEYER.

MOTOR VEHICLES—WILFUL AND WANTON MISCONDUCT—GUEST PASSENGER ACT.
  Automobile driver *held,* not guilty of wilful and wanton misconduct under guest passenger act (1 Comp. Laws 1929, § 4648), as a matter of law, where his practically new car skidded off road half way around a curve near foot of hill although there was evidence that passengers had complained about excessive speed, that brakes were not working properly and that plaintiff rode with defendant after the accident, the case being controlled by *Elowitz* v. *Miller,* 265 Mich. 551.

Appeal from Ontonagon; Driscoll (George O.), J. Submitted January 12, 1934. (Docket No. 51, Calendar No. 37,479.) Decided March 6, 1934.

Case by Lloyd W. Turney against Gordon Meyer, doing business as Superior Motor Sales, for personal injuries sustained while a guest passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*B. H. T. Burritt* (*Carl O. Bay,* of counsel), for plaintiff.

*Donnelly & Walsh* (*Charles F. Meyler,* of counsel), for defendant.

NELSON SHARPE, C. J. On March 31, 1932, the defendant was operating a garage and service station in the village of Ontonagon. The plaintiff was in his employ. On that evening, the defendant, accompanied by his brother-in-law, W. A. Jamison, and Leon Hurlburt, also his employees, left the village in defendant's Pontiac 8 sedan, and went to the home of plaintiff's father, where he then was. At their request he accompanied them back to the village, where they spent about half an hour, when they again got into the car and started east on what is known as the Greenland road. There were a number of hills and curves on this road, and, while passing down what is known as the West Firesteel Hill, and when near the bottom thereof and about one-half of the way around a curve, the car skidded and turned end over end and rolled off the road. The plaintiff sustained a severe injury to his right arm, and brought this action to recover the damages incident thereto. He had verdict and judgment for

$2,865, from which the defendant has taken this appeal.

The action is brought under what is known as the "guest act" (1 Comp. Laws 1929, § 4648), and plaintiff's counsel concede that in order to recover it must appear by a preponderance of the evidence that his injury was caused by the wilful and wanton misconduct of the defendant in driving his car.

The plaintiff testified that he had driven with the defendant "quite a bit" prior to that night, and that he knew "he was a fellow who drove quite fast," and that he so drove when on the way from his father's house to Ontonagon; that before they got to Ontonagon defendant put on the brakes of the car and said, "The front brakes were not working properly; the front brakes were grabbing—were working better than the rear brakes;" that the car swerved a little, and defendant said "that the brakes were not working right, front brakes. He didn't have any rear brakes, he said, the front brakes were the only ones working;" that he "had no fear of going with him again;" that on the way to Greenland he said to the defendant, "Slacken down, you are going pretty fast," and that one of the other passengers also complained about the speed at which defendant was driving, which was about 60 miles an hour; that, as they descended the hill, the defendant "applied the brakes;" that he felt the effect of them, but that "the front brakes must have froze and the rear ones did not work and the car just turned end for end."

There is evidence, seemingly conclusive, that there was nothing wrong with the brakes on this car at the time of the accident. But, assuming that the defendant made the remarks attributed to him as to their condition, these remarks were made when

on the way from the home of plaintiff's father to Ontonagon, and, with full knowledge thereof, the plaintiff did not hesitate to go with the defendant on the trip in which he was injured. He knew that defendant was a fast driver. The car was practically new, having been driven about 2,500 miles. He was willing to, and did, ride with the defendant after the accident.

There have been a number of cases in this court in which this statute was involved. The abuses to which it may be subjected are set forth by Mr. Justice Fead in *Naudzius* v. *Lahr,* 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179). The distinction between acts which are negligent and wilful and wanton misconduct was pointed out by Mr. Justice Wiest in *Bobich* v. *Rogers,* 258 Mich. 343. While the facts as disclosed by the evidence are always somewhat different, those here presented are so nearly similar to those in the recent case of *Elowitz* v. *Miller,* 265 Mich. 551, that in our opinion decision is ruled thereby, and defendant's motion for a judgment notwithstanding the verdict should have been granted.

The judgment entered is reversed and set aside, with costs to appellant, and the cause remanded with instructions to the trial court to enter a judgment for the defendant.

Potter, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.