PAWLICKI v. FAULKERSON.

1. APPEAL AND ERROR—JUDGMENT ON VERDICT—EVIDENCE.
   On defendant's appeal from denial of his motion for judgment *non obstante veredicto* and entry of judgment on verdict, the testimony is viewed in the light most favorable to plaintiff.

2. AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.
   In order for a minor who was a gratuitous guest passenger in defendant host's automobile to recover from defendant, she must show by a preponderance of the evidence that defendant was guilty of "gross negligence" or "wilful and wanton misconduct" which are synonymous terms under guest passenger statute (1 Comp. Laws 1929, § 4648).

3. Same—Guest Passengers—Negligence—Gross Negligence—
   Wilful and Wanton Misconduct—Evidence.

Motorist who drove 35 to 40 miles an hour on icy, winding gravel
road with which he was unfamiliar late in November on a dark
and stormy night and who continued to drive at such rate after
skidding many times and after repeated but unheeded re-
quests by passengers to drive slower *held*, guilty of ordinary
negligence but not guilty of gross negligence or wilful and
wanton misconduct within meaning of guest passenger statute
so as to hold him liable for injuries sustained by minor gra-
tuitous guest passenger when car skidded out of control (1
Comp. Laws 1929, § 4648).

Appeal from Manistee; Neal (Max E.), J. Sub-
mitted April 7, 1938. (Docket No. 48, Calendar No.
39,914.) Decided June 10, 1938.

Case by Margaret Pawlicki, by her next friend,
Casimer J. Pawlicki, against William Faulkerson for
personal injuries received while a passenger in de-
fendant's car. Verdict and judgment for plaintiff.
Defendant appeals. Reversed without a new trial.

*Belcher & Hamlin* (*Campbell & Campbell*, of coun-
sel), for plaintiff.

*Don W. Van Winkle* (*Burke & Burke*, of counsel),
for defendant.

Chandler, J. On the evening of November 29,
1935, plaintiff, a minor and a gratuitous guest pas-
senger, together with friends, accepted an invitation
for a ride in defendant's automobile. The party
drove north from the city of Manistee on what is
known as the Dunewood road, continuing thereon
to the village of Onekama. From Onekama, they
drove north on highway M-22 for a distance of four
or five miles, when upon the request of Dorothy
Sorenson, one of the passengers, that she be re-

turned to her home, defendant turned his car around and proceeded to make the return trip to Manistee. Very shortly thereafter, while attempting to negotiate a curve, the car skidded, the defendant lost control thereof, and an accident ensued in which plaintiff sustained severe injuries.

Trial resulted in a verdict for plaintiff. Defendant's motion for a directed verdict was taken for advisement under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.* [Stat. Ann. § 27.1461 *et seq.*]) and his motion for judgment *non obstante veredicto* was denied.

On this appeal we view the testimony in the light most favorable to plaintiff and find the same to reveal that the weather conditions on the night of the accident to be exceedingly inclement. It was very dark and the snow and sleet then falling upon the gravel road had coated the highway with ice. The road was winding and it appears that defendant was unfamiliar therewith.

The testimony of one of the occupants estimated the speed of the car to be from 35 to 40 miles per hour. It further appears that because of the icy condition of the road the car skidded many times, especially upon the curves. Dorothy Sorenson testified that she had been over the road many times, knew it to contain many curves, and was positive that defendant was unfamiliar with this particular route. She further stated that she became frightened because of the manner in which the car was skidding on the curves and requested several times that defendant reduce the speed of the car which requests were unheeded by defendant. Plaintiff urged one of the other passengers to attempt to have defendant drive slower but it does not appear that this conversation was heard by defendant.

Miss Sorenson also requested defendant to return to Manistee several times as she was expected home by 11 o'clock and it is claimed that defendant finally became angry and in compliance therewith turned the automobile around. Very shortly thereafter the accident occurred.

To recover, plaintiff was required to show by a preponderance of the evidence that defendant was guilty of gross negligence or wilful and wanton misconduct, 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446), the term gross negligence as used in this statute being synonymous with wilful and wanton misconduct. *Olszewski* v. *Dibrizio,* 281 Mich. 423 (2 N. C. C. A. [N. S.] 456), and cases cited therein. We fail to find this essential proof in the record. The refusal of defendant to comply with the requests of one of the passengers to reduce the rate of speed under the indicated conditions is not of itself sufficient to satisfy the requirements of the statute. *Bobich* v. *Rogers,* 258 Mich. 343. Defendant's conduct, although exhibiting facts sufficient to charge him with guilt of ordinary negligence, does not entitle plaintiff to recover as a gratuitous guest passenger. The motion for judgment *non obstante veredicto* should have been granted.

Reversed without new trial, with costs to appellant.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred.