## TAYLOR v. CHRYSLER CORPORATION et al.
### No. 7954.

Circuit Court of Appeals, Sixth Circuit.
Dec. 11, 1939.

William J. McBrearty, of Detroit, Mich. (William J. McBrearty and A. R. Devine, both of Detroit, Mich., on the brief), for appellant.

Irvin E. Kerr, of Detroit, Mich. (Kerr, Lacey, & Scroggie and Harold S. Knight, all of Detroit, Mich., on the brief), for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The single question presented by this record is whether the Michigan Guest Act (Comp.Laws of Mich.1929, § 4648), as interpreted by the Michigan court, requires a reversal of a judgment entered upon a verdict directed in favor of appellees, defendants below. The facts are not in conflict, and are as follows:

Appellant, vice-president of the North American Coal Corporation, went to Detroit, Michigan, on March 18, 1931, where he met his brother, a salesman for the Richardson Motors Company of Akron, Ohio, a Chrysler automobile agency. Appellant wished to make contacts with the executives of the Chrysler Corporation so that he could sell coal on behalf of his company to the Chrysler Corporation, and appellant's brother wished to sell appellant a special car which had been exhibited as a model in an automobile show. The particular car had been sold, and an official of the corporation persuaded appellant that a car identical with the special car could be built for him. The order for the building of this car had been signed by appellant's brother at appellees' Jefferson Avenue plant, it being the understanding that the car was to be billed to his company in Akron and by it sold to appellant. After the order had been signed, appellant wished to select special upholstering for the car, and appellees sent appellant and his brother in a so-called courtesy car driven by its chauffeur to the Highland Park plant, where the selection was made. From there the driver took appellant and his brother

to the Book-Cadillac Hotel to collect their baggage, and then to the Michigan Central Railway station. On driving into the circular approach to the station at a speed of about twenty miles an hour, appellees' car skidded into the curb, and two wheels were smashed. Appellant was injured by a blow on the head. On trial, the District Court held that under the Michigan Guest Act, no liability attached to the appellees, and directed a verdict in their favor.

The material portions of the Michigan Guest Act read as follows:

"* * * The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law require. * * * Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

Appellant contends that he was not a guest within the terms of the statute; but he was transported by the owner without payment for transportation, and therefore in the ordinary sense attaching to the word, would be considered a guest. The Michigan Supreme Court, in construing the enactment, has laid down certain principles as an aid to deciding whether the injured passenger is a guest within the provisions of the statute. In Hunter v. Baldwin, 268 Mich. 106, 255 N.W. 431, 432, the court quotes from Crawford v. Foster, 110 Cal.App. 81, 293 P. 841, which declares that "not everyone riding in a car without payment is a guest. A prospective purchaser of the automobile is not a guest within the Guest Act." In the Hunter case the plaintiff, who had made a trip in defendant's car without paying any compensation, at the request of the driver of the car attempted to crank the car when it was in gear, and was injured. The court said the injury occurred while the plaintiff was performing an act for the benefit of the owner and at the latter's request, and that he was not a guest.

In Cardinal v. Reinecke, 280 Mich. 15, 273 N.W. 330, 274 N.W. 379, the plaintiff was injured in an automobile accident while going at defendant's request to aid in securing a business opening for defendant's daughter. The court held that the plaintiff was not a guest. If the transportation is afforded as part of a contractual proposition at a time when the party injured is performing some service for the driver or owner, the guest relationship does not exist. Peronto v. Cootware, 281 Mich. 664, 275 N.W. 724.

Thomas v. Currier Lumber Co., 283 Mich. 134, 277 N.W. 857, 859, involved the case of a building contractor who was driven to the office of a lumber company by its salesman to make arrangements for the purchase of materials from the lumber company. The president of the company sent the salesman to bring the contractor to his office. On the way an accident occurred and the contractor was injured. It was contended that the contractor was a guest within the purview of the statute. The court declared:

"We are unimpressed by the argument of appellant. We have previously held, in considering the statute in question, that the test to be applied is, 'Was the transportation furnished gratuitously?' McGuire v. Armstrong, 268 Mich. 152, 255 N.W. 745, 746 [36 N.C.C.A. 252]. It would not be necessary, in holding that plaintiff was not a gratuitous guest passenger, to find that a cash payment was made by him for his transportation. It is sufficient if a benefit accrued by reason of such transportation. That both defendants were benefited in the instant case cannot be reasonably denied. The negotiations relative to the sale of the building materials and construction of the doors for the factory could proceed no further without consultation with Mr. Currier. In the absence of an interview with him, no possibility of entering into a contract of sale existed. The Lumber Company would be desirous of consummating the contract not only because of the prospect of the profit to be immediately derived but because of the publicity it would receive from the construction of the proposed house to be displayed to the public by plaintiff. Either of these prospects, which could not possibly materialize in the absence of an interview with Mr. Currier,

were benefits sufficient to characterize plaintiff as a non-gratuitous passenger."

 It is contended by appellees that since the car was bought by the Richardson Motors Company, no contractual relationship exists between appellant and appellees, and hence no material benefit could be conferred on appellees by use of the courtesy car. We think that this feature of the case is not decisive. While appellant did not execute the contract, he was the one whom the car must satisfy. He was, if not the immediate, the ultimate purchaser. The fact that the Richardson Motors Company acted as the intermediary is not controlling.

However, the question whether a benefit to appellees existed in the loan of the car presents a different aspect of the case. Appellant contends that such a benefit existed, due to the fact that he was a prospective purchaser of an automobile from appellees, and that the opportunity of clinching the sale by means of courteous assistance from the plant to the station is a direct and substantial benefit to appellees. But that argument does not apply here. Appellant admits that the order had been placed before the car was loaned for his use, and therefore no direct and tangible benefit was received by the company. The use of the courtesy car in no way affected the sale.

Under these circumstances, no benefit received by appellees brings the case within the principle of the decisions heretofore discussed. Appellant was a guest, and a person transported as a guest has no recovery against the owner for injury in case of accident unless the accident has been caused by gross negligence or wilful or wanton misconduct of the owner or driver. Cf. Keilitz v. Elley, 276 Mich. 701, 268 N.W. 787; Riley v. Walters, 277 Mich. 620, 270 N.W. 160; In re Estate of Mueller, 280 Mich. 203, 273 N.W. 448; Holmes v. Wesler, 274 Mich. 655, 265 N.W. 492; Elowitz v. Miller, 265 Mich. 551, 251 N.W. 548; Turney v. Meyer, 266 Mich. 87, 253 N.W. 226. Since no gross negligence or wilful or wanton misconduct is charged or proved against the chauffeur, we conclude that the District Court did not err in directing a verdict for appellees.

The present case differs from the Michigan references cited in that the transportation during which the injury occurred was solely upon the business of the passenger and not upon the business of the owner of the car, even if it be conceded that mere return from a contractual interview to the point of departure would come within the principle of Thomas v. Currier Lumber Co., supra.

The judgment is affirmed.