THOMPSON v. ROSS.

AUTOMOBILES—WILFUL AND WANTON MISCONDUCT—SPEED—CURVES.
Defendant who attempted to drive car around a sharp curve at
a speed of from 50 to 75 miles an hour in late November
when cement pavement was wet and icy may have been guilty
of negligence, but even when proofs are considered in light
most favorable to plaintiff guest passenger, defendant was
not guilty of gross negligence or wilful and wanton miscon-
duct under the guest act, notwithstanding unheeded caution
given driver by plaintiff's brother to slow down (1 Comp.
Laws 1929, § 4648).

Appeal from Allegan; Miles (Fred T.), J. Sub-
mitted January 4, 1940. (Docket No. 67, Calendar
No. 40,935.) Decided March 15, 1940.

Case by Ethel Thompson, by her next friend Doris
Chapman, against Frank and Dempster Ross for
damages for personal injuries sustained while a
guest passenger in defendants' car. Verdict for
plaintiff. Judgment for defendants *non obstante
veredicto*. Plaintiff appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Robert P. Scholte,* for defendants.

WIEST, J. Plaintiff was a guest of defendant
Dempster Ross who was driving the automobile of
his father, defendant Frank Ross, the afternoon of
November 27, 1937, along a cement highway near
Grand Ledge. The pavement was wet and icy and,
when brakes were applied at a sharp curve, the auto-
mobile struck the curb and plaintiff was injured.

Claiming that the defendant was guilty of wilful and wanton misconduct in endeavoring to make the turn at a speed of from 50 to 75 miles per hour, this suit was brought to recover damages.

At the close of plaintiff's proofs the defendants moved for a directed verdict in their favor on the ground that under the evidence the driver was not guilty of wilful and wanton misconduct. The court reserved decision and submitted the case to the jury and plaintiff had verdict for $2,500. Thereupon the court, notwithstanding the verdict, entered judgment for defendants.

Plaintiff reviews by appeal contending that, under the evidence in her behalf, defendant Dempster Ross was guilty of wilful and wanton misconduct in attempting, at high speed, upon an icy pavement, to make the sharp turn in the highway.

Plaintiff's brother testified that when the automobile was about 20 rods from the turn and going at a speed of about 50 miles per hour, he told the driver there was a sharp curve ahead and the driver did not slow down. He also testified that from the time they started to the time and place of the accident he did not remember any protest by any one about the speed the car was being driven.

The driver may have been guilty of negligence but the proofs most favorable to plaintiff fall short of establishing gross negligence or wilful and wanton misconduct making the driver liable to plaintiff under the guest act. 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446.)

In *Bobich* v. *Rogers,* 258 Mich. 343, we said:

"Whether a turn of the road can be made with reasonable safety at any particular speed depends, of course, upon the character and condition of the road and the skill of the driver. We cannot draw a line beyond which mere speed in making a turn de-

parts from negligence and becomes wilful and wanton misconduct. Conceding that defendant was negligent in making the turn at high speed, it would not constitute wilful and wanton misconduct. See *Van Blaircum* v. *Campbell,* 256 Mich. 527.''

See, also, *Turney* v. *Meyer,* 266 Mich. 87; *Elowitz* v. *Miller,* 265 Mich. 551; *Pawlicki* v. *Faulkerson,* 285 Mich. 141.

The judgment is affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.