SHERMAN v. DAVID.

1. AUTOMOBILES—NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.
   There is no exact standard or measurement by which it may be determined where negligence ends and wilful and wanton misconduct in operating an automobile begins and each case must be decided on its own facts (1 Comp. Laws 1929, § 4648.)

2. SAME—SPEED—GUEST'S PROTESTS—WILFUL AND WANTON MISCONDUCT.
   Driver of automobile is not at his peril required to comply with request of guest relative to speed, nor does noncompliance therewith in and of itself evidence wilfulness or wantonness (1 Comp. Laws 1929, § 4648).

3. SAME—NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—TURNS— HIGH SPEED.
   Making a turn on the highway at a very high rate of speed does not of itself take ordinary imprudence on the part of a motorist into the realm of wilful and wanton misconduct (1 Comp. Laws 1929, § 4648).

4. SAME—CURVES—MISTAKES—NEGLIGENCE.
   A mistake in negotiating a curve is usually only ordinary negligence.

5. SAME—WILFUL AND WANTON MISCONDUCT—SPEED—CURVES— NIGHTTIME—PROTESTS OF PASSENGERS.
   Defendant motorist to whom passengers had given warning of a bad curve in gravel road before starting on nine-mile trip late in a summer evening and protests as to speed while trip was being made but who continued to drive at from 50 to 75 miles an hour until about 100 feet from curve to the right where upon application of brakes car skidded to left and defendant, upon discovering error, swung to the right, a tire was pulled off the rim, inner tube blew out, and car rolled over on its side into ditch *held*, as a matter of law, not guilty of wilful and wanton misconduct (1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 10, 1940. (Docket No. 93, Calendar No. 41,088.) Decided June 3, 1940.

Case by George D. Sherman against Francis M. David for damages for personal injuries sustained while a guest passenger in defendant's automobile. Judgment for defendant. Plaintiff appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Cary & Be Gole,* for defendant.

Butzel, J. The question before us is whether defendant was guilty of "gross negligence or wilful and wanton misconduct" in operating his automobile so as to warrant a recovery by plaintiff for his injuries. 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446); *Naudzius* v. *Lahr,* 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179).

Late in the evening of August 25, 1938, plaintiff, defendant, and three others, left a restaurant in Lapeer to go to a summer home about nine miles away. Plaintiff and another rode in the rumble seat, and defendant and two others sat in the front compartment. Before leaving the restaurant, defendant was told that there was a bad curve in the gravel road on the way, and he asked to be warned as they approached it; such warning was timely given. Despite several protests by plaintiff that the defendant was driving too fast for the condition of the road, defendant drove at speeds of 50 to 75 miles per hour. About 100 feet from the start of the curve, defendant applied the brakes, whereupon the car skidded to the left; upon finding that the road curved to the right, defendant swung in that direction. A tire was pulled off the rim, the inner tube blew out and the car rolled over on its side into a ditch. Plaintiff brought this action to recover for his injuries. At the conclusion of his proofs, the trial court sitting without a jury was of the opinion that gross negli-

gence or wilful and wanton misconduct* had not been proved, citing *Holmes* v. *Wesler,* 274 Mich. 655, and rendered a judgment of no cause of action. We are reviewing the propriety of this decision.

Counsel urge with logical precision the reduction into elements of "wilful and wanton misconduct" of *Willett* v. *Smith,* 260 Mich. 101. In *Schneider* v. *Draper,* 276 Mich. 259, we pointed out that the difficulty with such a formula is that "any definition or attempted dissection of the phrase is only relative, not determinative or exclusive, and slight differences in facts produce different results." We have before pointed out the difficulties in terminology and have attempted to straighten out the maze of thoughts. See *Gibbard* v. *Cursan,* 225 Mich. 311; *Oxenger* v. *Ward,* 256 Mich. 499; *Bobich* v. *Rogers,* 258 Mich. 343. Lengthy definitions or just curt statements that gross negligence is ordinary negligence with a vituperative epithet (*Wilson* v. *Brett,* 11 M. & W. 113 [152 Eng. Rep. 737, 12 L. J. Ex. 264]; *Grill* v. *General Iron Screw Colliery Co.,* 35 L. J. C. P. [N. S.] 321 [L. R. 1 C. P. 600, 14 L. T. 711]) are all mere attempts to explain a standard whose limits cannot be described by metes and bounds.

"There is no exact standard or measurement by which we may determine where negligence ends and wilful or wanton misconduct begins, and each case must be decided on its own facts." *Goss* v. *Overton,* 266 Mich. 62.

In any case we can only state whether in our judgment the conduct shows a transgression into the forbidden range. Explanations of the terms before us will not mislead if we accept as mere guides to thinking the help they proffer and understand that they are not designed to be all-inclusive.

---

* See 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).—REPORTER.

There is no question but that defendant knew that danger was lurking in his path, and that plaintiff had given heed that the speed was excessive. The protest of the guest, however, is not determinative of wantonness (*Lucas* v. *Lindner,* 276 Mich. 704; *Pawlicki* v. *Faulkerson,* 285 Mich. 141.)

"The driver of an automobile is not at his peril required to comply with the request of a guest relative to speed, nor does noncompliance in and of itself evidence wilfulness or wantonness." *Bobich* v. *Rogers, supra.*

Nor can we say that making a turn on the highway at a very high rate of speed of itself takes ordinary imprudence into the realm of wilful and wanton misconduct. *Bobich* v. *Rogers, supra; Turney* v. *Meyer,* 266 Mich. 87; *In re Mueller's Estate,* 280 Mich. 203. A mistake in negotiating a curve is usually only ordinary negligence. *Elowitz* v. *Miller,* 265 Mich. 551; *Sherman* v. *Yarger,* 272 Mich. 644; *Holmes* v. *Wesler,* 274 Mich. 655; *Pawlicki* v. *Faulkerson, supra; Thompson* v. *Ross,* 292 Mich. 450. The forewarned danger became imminent when the car was about 100 feet away from the curve, and defendant applied the brakes and turned to the left; the moment he discovered his mistake, that he should have turned to the right instead, he attempted a correcting swerve in that direction. A tire left its rim to prevent success, and the car turned on a side. Under the facts before us, though the conduct fell short of that to be expected in the exercise of ordinary prudence, we cannot say that there is a showing of gross negligence or wilful and wanton misconduct in the face of danger. The trial judge was right.

The judgment is affirmed. Costs to defendant.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, McAllister, and Wiest, JJ., concurred.