# STATE OF MICHIGAN

# COURT OF APPEALS

---

SEAN WOOD,

       Plaintiff-Appellee,

v

JESSICA BEELS,

       Defendant-Appellant

and

CITY OF MEMPHIS,

       Defendant.

UNPUBLISHED
July 18, 2017

No. 331386
Macomb Circuit Court
LC No. 2014-002750-NI

---

Before: MURPHY, P.J., and TALBOT, C.J., and O'CONNELL, J.

PER CURIAM.

In this action involving a motor vehicle accident, defendant Jessica Beels appeals as of right the trial court's order denying her motion for summary disposition filed pursuant to MCR 2.116(C)(7) (governmental immunity) and MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTS

The parties agree that at the time of the accident Beels was driving a marked police vehicle, acting within the scope of her authority as the Memphis City Chief of Police, and discharging a governmental function. Eyewitness Jeff Schenck swore that he did not observe the vehicle's "lights or sirens activated." As described in more detail below, Beels failed to stop at a stop sign at an intersection and then struck a FedEx truck driven by plaintiff Sean Wood.

Sean's brother, Kelly Wood, swore that Sean contacted him about the accident and that he then went to the scene. Kelly swore that he spoke to Beels, he "could smell alcohol on [Beels's] breath," and Beels "seemed unsteady on her feet." Adam Cooley, who went to the scene with Kelly, deposed that he also "could smell alcohol" on Beels's breath, Beels "seemed unsteady on her feet," and Beels "consum[ed] multiple bottles of water." Therefore, Cooley believed that Beels was intoxicated.

-1-

Sean filed suit against Beels, alleging that her conduct was grossly negligent. Beels moved for summary disposition, alleging that she had governmental immunity because her conduct was not grossly negligent. The trial court denied Beels's motion, reasoning that reasonable minds could reach different conclusions as to whether Beels's conduct was grossly negligent and that there was a genuine issue of material fact as to whether Beels's conduct was grossly negligent.

## II. STANDARD OF REVIEW

We review de novo a trial court's conclusions regarding the applicability of governmental immunity and denial of a motion for summary disposition. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

A trial court may grant summary disposition pursuant to MCR 2.116(C)(7) because of "immunity granted by law." To determine whether immunity bars a claim, courts "will accept the allegations stated in the plaintiff's complaint as true unless contradicted by documentary evidence." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). Courts "view the pleadings and supporting evidence in the light most favorable to the nonmoving party." *Id*. If a court determines that reasonable minds could not differ when assessing whether immunity applies, it should grant summary disposition. See *Jackson v Saginaw Co*, 458 Mich 141, 146; 580 NW2d 870 (1998).

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A "trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. A trial court must grant the motion if it finds "no genuine issue as to any material fact" and determines that "the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

## III. ANALYSIS

Beels argues that the trial court erred in denying her motion for summary disposition because reasonable minds could not conclude that her conduct was grossly negligent. We disagree.

The governmental tort liability act, MCL 691.1401, *et seq*., provides in relevant part that

> (2) . . . [E]ach . . . employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the . . . employee . . . while in the course of employment or service . . . if all of the following are met:
>
> (a) The . . . employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.

> (c) The . . . employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 697.1407.]

Therefore, governmental immunity does not cover a government employee's grossly negligent conduct. MCL 697.1407(2)(c),

Evaluating whether conduct amounts to gross negligence is a fact-specific inquiry. *Sherman v David*, 293 Mich 489, 491; 292 NW 464 (1940).[1] Grossly negligent conduct refers to conduct that is "substantially more than negligent." *Maiden*, 461 Mich at 122. The act defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Relatedly, case law has defined gross negligence in the context of governmental immunity as exhibiting "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004).

In this case, Sean alleged in his complaint that Beels exhibited a willful or wanton disregard for the safety of others, operated a motor vehicle while under the influence, drove faster than would permit her to stop within an assured clear distance ahead, failed to pay attention to the roadway, failed to obey a traffic control device, failed to be attentive to traffic conditions, failed to yield to traffic, and failed to maintain control of her vehicle. Evidence before the trial court supports many of these claims. Kelly swore that he "could smell alcohol on [Beels's] breath" and that Beels "seemed unsteady on her feet" at the scene of the accident. Cooley swore that he believed Beels was intoxicated at the scene because he "could smell alcohol" on her breath, Beels "seemed unsteady on her feet," and Beels "consum[ed] multiple bottles of water." Beels thought that the speed limit was 55 miles per hour. Sean testified that Beels drove at a "really high rate of speed." Beels testified that she was distracted while driving, did not notice the stop sign, did not notice Sean's FedEx truck at the intersection, and did not stop. Schenck swore that Beels did not brake before the accident. When viewing the pleadings and evidence in the light most favorable to Sean, reasonable minds could conclude that Beels's conduct constituted gross negligence and that a genuine issue of material fact exists. Therefore, the trial court did not err in denying Beels's motion for summary disposition.

Beels argues that Kelly and Cooley's affidavits in which they swore that Beels showed signs of intoxication lack foundation. However, their affidavits note that they observed Beels on scene after the accident, and lay witnesses can testify about "opinions or inferences . . . which are (a) rationally based on the perceptions of the witness[ed] and (b) helpful to a clear understanding of . . . the determination of a fact in issue." MRE 701. Beels further suggests that the two witnesses are not credible. However, courts do not assess or determine credibility when ruling on a summary disposition motion. *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007), aff'd 482 Mich 136 (2008). Finally, Beels argues that other evidence shows that she was not intoxicated, including Schenck's affidavit, which did not describe her as intoxicated, and a police report that did not indicate that she was intoxicated. However, this

---

[1] The multiple, unpublished, nonbinding cases cited by the parties on appeal illustrate this rule.

evidence further illustrates the factual dispute regarding Beels's intoxication and, ultimately, the factual dispute regarding her gross negligence.

We affirm.

/s/ William B. Murphy
/s/ Michael J. Talbot
/s/ Peter D. O'Connell