SHAFFER, ADMX., APPELLANT, *v.* THE NEW YORK CENTRAL RD. CO., APPELLEE.

418

(Decided November 12, 1940.)

*Messrs. Newcomer & Parker, Mr. Chester A. Meck* and *Mr. Henry Black,* for appellant.

*Messrs. Gebhard & Hogue* and *Messrs. Doyle & Lewis,* for appellee.

CARPENTER, J. This is an action for wrongful death. A verdict for the defendant was returned on the direction of the court at the close of all of the evidence, and from the judgment entered thereon, plaintiff filed this appeal on questions of law. The only error assigned and urged in plaintiff's brief is the direction of the verdict.

Plaintiff's decedent, Gerald B. Shaffer, was killed about 8:45 a. m., August 28, 1938, when the automobile in which he was riding as a guest passenger was struck by one of defendant's locomotives on its grade crossing of South Main street in Adrian, Michigan.

The petition alleges that at the crossing there was a sign: ''Railroad Crossing * * * with lights which flash red erected thereon,'' and that the driver of the fatal automobile, a Mr. Gee, as he approached the crossing ''brought his automobile to a stop within a short distance south of said railroad crossing,'' and then proceeded to cross, and an eastbound passenger train hit it and instantly killed decedent, and the two other occupants.

The negligence of the defendant alleged in the amended petition was, failure to maintain ''a watchman or gates or more effective warning signs or signaling devices;'' ''failure to ring a bell or sound a whistle,'' and the ''high and dangerous rate of speed'' of the train, and failure ''to keep its train under con-

trol and to keep a proper lookout as it approached said crossing.''

The answer admitted the death and that the crossing was much as described in the petition, but denied negligence on the part of the railroad. It further alleged that decedent was either operating the automobile or riding as a passenger in it and in either event, under the law of Michigan, he was answerable for the negligence of the driver which caused or contributed to cause the death. No statute or ordinance imposed any speed restrictions upon the operation of the train in the city of Adrian.

There is little dispute about the facts. Two eyewitnesses to the collision testified for the plaintiff. They were the driver of and a passenger in another automobile that was closely following the one in which decedent was riding.

They testified that the alternating red flasher signal was operating as the Gee auto approached the crossing, that it stopped or nearly stopped at the track and then slowly started across and stalled on the track. The train, traveling fifty to fifty-five miles per hour, came from the west and around a curve which was, they estimated, five hundred feet west of the crossing; it was not visible to these witnesses until it came around the curve, but they heard the sound of the whistle before they saw the train. When they saw the Gee automobile stall on the track, the driver of their automobile backed it up about twenty feet for their own safety. No evidence was offered as to whether or not the locomotive bell was rung.

A civil engineer who testified for the defendant said that from observations based upon a survey made by him from a point twenty feet south of the crossing, he could see a locomotive approaching from the west when it was 1313 feet away from him.

The motion for a directed verdict presented to the trial court three possible legal questions:

1. Did the evidence tend to prove any negligence on the part of the defendant?

. 2. If it did, was the driver of the Gee automobile guilty of negligence which proximately contributed to cause decedent's death? And, if so

3. Was his negligence imputable to decedent?

So far as this record shows, the defendant had provided all of the warning and signaling devices at this crossing the law required. Having provided the cross sign and the flashers, did ordinary care require more? Certainly not as to the decedent. The flashers told the driver and occupants of the Gee auto that they were at a railroad crossing, and, with the whistle, that a train was approaching. A watchman or gates could have furnished them no more information.

In respect to signs or signals at the crossing and warnings from the locomotive, negligence of the defendant was not proven.

.This leaves one more phase of the issue of defendant's negligence which may be thus stated: When the company had provided the signs, signals and warnings, it had at the crossing, did the exercise of ordinary care required it to so operate its train that it could be stopped before it got to the crossing if those in charge of it then saw something on the track there?

The last clear chance doctrine is not pleaded in the amended petition, nor is it claimed to be applicable in this case.

In their relation to the public, railroads serve a practical purpose,—the rapid transportation of persons and commodities. In this service speed is essential. Warning signs and signals such as existed at this time and place having been provided, those operating that train were warranted in assuming that the traveling public, having been informed of its approach, would yield to it the right of way over the crossing. If this is not true and such a train must keep its speed where

it can be stopped in a few feet, the essential and practical purpose of railroads is lost.

The answer to this question is—No—and with this answer the judgment of the trial court is sustained on the lack of any evidence tending to prove negligence on the part of the defendant.

Passing to the second question of the series: From all of the evidence it is inescapable that the driver of the Gee automobile knew from the flasher signals that a train was approaching, and the whistle told him it was near. With this information, when he went upon the track he knew he was taking a chance and he did so at his own risk. As a matter of law he was guilty of negligence which either caused or contributed to cause the fatality.

Thus arises the third query,—the application of the imputed negligence rule of Michigan.

Section 10509-166, General Code, gave the plaintiff the right to bring this action for the death of her husband, provided such right was given "by a statute of such other state" (Michigan). This was recognized by the plaintiff, and in her amended petition she pleaded the wrongful death statute of that state.

By its answer, the defendant pleaded as a second defense the negligence of the driver of the Gee automobile as having contributed to cause the death, and further, that in Michigan such negligence was imputed to the decedent who was riding in it as a passenger. To support this claim, the decision of the Supreme Court of that state as announced in *Greenfield* v. *Duluth, S. S. & A. Ry.*, 268 Mich., 277, 256 N. W., 438, is pleaded. This was a grade-crossing action by a passenger in an automobile who was denied recovery because of the contributory negligence of the driver. No decision to the contrary of this case was pleaded or proven by the plaintiff, hence that such rule does exist in Michigan is not disputed.

Plaintiff urges that this is but a rule of evidence, not

substantive law, and as to it, the law of the forum, Ohio, which does not apply the imputed negligence rule, must prevail. The defense of contributory negligence is founded on substantive law, and is governed by the law of the place of wrong. 11 American Jurisprudence, 503; Restatement, Conflict of Laws, Section 385. In Michigan, the doctrine of imputed negligence is an integral part of this defense. It is a rule which merely extends that defense to passengers in motor vehicles and materially affects and limits their rights of action. It says to them that "If your driver is guilty of contributory negligence, you cannot recover for damages to you." This limitation which the state of Michigan, by its common law, has imposed upon the rights of passengers in a motor vehicle is not different in principle from the limitation Ohio, by legislative enactment, has imposed by the "guest act" which precludes a guest in an automobile from suing his driver-host. Section 6308-6, General Code. Can it be said that this is merely procedural law?

On this ground also, the judgment of the trial court was right and is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.