BAKER, APPELLEE, *v.* THE NORFOLK & WESTERN RY. CO., APPELLANT.

(No. 7294—Decided January 29, 1951.)

*Mr. John M. Renner* and *Messrs. Lindhorst & Dreidame,* for appellee.

*Messrs. Taft, Stettinius & Hollister* and *Mr. John W. Hudson,* for appellant.

HILDEBRANT, J.    Plaintiff's tractor-trailer outfit was struck by a westbound freight train of the defendant while such outfit was standing across the westbound tracks of the Court street crossing, in Circleville, Ohio. He recovered a verdict and judgment for the property damage. This appeal is from that judgment, on questions of law.

All the evidence on trial was adduced by the plaintiff, the defendant standing on its motion for judgment

at the close of plaintiff's case, which the trial court overruled.

The plaintiff testified in substance that on July 28, 1946, at about 12:20 a. m., he was driving his own tractor, hitched to a new trailer, second in line of a convoy of five such outfits, south on Court street in Circleville, Ohio; that as he approached the railroad crossing in a lawful manner the crossing gates were up and he looked in both directions and observed that no train was approaching as he entered onto the right of way; that after getting on the right of way, the outfit in front of him stopped ·suddenly, so that he was forced to a sudden stop across the westbound tracks of the defendant, with the front of his outfit within two feet of the rear of that ahead; that the third outfit in the convoy line, immediately in his rear, stopped so close to his vehicle that he was unable to move backward, and thus was trapped upon the crossing; that the sudden stop choked his motor off and while trying to start it again he blew his horn for the outfits immediately in his front and rear to move so he could get off the track, when he looked up and saw a train approaching approximately three quarters of a mile away, which he estimated was traveling at 40 to 45 miles per hour; and that by the time his motor started the train was so  near that he jumped from his cab to a place of safety, and the collision ensued.  The other witnesses testified to substantially the same facts as plaintiff, without adding anything of probative value thereto.

Error is first assigned to the refusal to strike specifications of negligence 2 and 3 from the petition.  They are:

"(2) Defendant negligently failed to warn of the approach of its train by bell or other signal.

"(3) Defendant negligently failed to lower a cross-

ing gate which was erected and intended to be in operation so as to warn plaintiff and others of the approach of said train.''

The petition alleged ''that when he approached the intersection of Court street and the right of way of the defendant company he was proceeding at a lawful rate of speed as the second tractor-trailer in a convoy of trailers; that the crossing gates operated by the defendant company at said crossing were up and this plaintiff, with the trailer in front of him, proceeded to cross the railroad tracks of the defendant company after plaintiff looked to the east and west on the right of way of the defendant company and observed that no train was approaching; that while he was proceeding across the right of way of the defendant company the trailer-tractor which was immediately in front of him was brought to a stop causing him to stop his tractor-truck and the trailer attached to the tractor on the westbound rail of the defendant company and because of the tractor stopped in front of him and the tractor-trailer immediately behind him he was unable to move forward or backward.''

The other specifications of negligence have to do with failure to keep a proper lookout, failure to keep under proper control, excessive speed, and failure to stop after becoming aware of plaintiff's position on the right of way.

It is obvious that specifications of negligence 2 and 3 are completely repugnant to and inconsistent with the allegations of entering the right of way when no train was in sight, and the circumstances of the subsequent entrapment. According to these allegations plaintiff observed at the time of entering upon the right of way that no train was approaching within view, and, on becoming trapped on the crossing, defendant was negligent in failing to see that situation and stop the train.

Plaintiff's own pleading shows that no duty to warn existed at the time he entered the right of way, and that after becoming entrapped thereon, a warning at a later time could not have been effective to relieve his situation.

One of the notable exceptions to the liberal construction of pleadings enjoined by Section 11345, General Code, is that inconsistent allegations in pleadings will be construed against the pleader. In *Brook* v. *Columbus Ry. & Light Co.*, 13 N. P. (N. S.), 501, 30 O. D. (N. P.), 611, cited in the brief of defendant, the court so held with reference to allegations of negligence. See 31 Ohio Jurisprudence, 572 *et seq.*, ''Pleading,'' Sections 35, 49, 62 and 160, and cases cited thereunder. It follows that objection lies to the introduction of any evidence to support a fatally defective pleading. 31 Ohio Jurisprudence, 908, ''Pleading,'' Section 313.

It was, therefore, prejudicial to defendant to refuse to strike the repugnant and inconsistent allegations of negligence Nos. 2 and 3.

The plaintiff alleged defendant negligently operated the train at a high and excessive rate of speed, to wit, 50 miles per hour in violation of a city ordinance requiring 8 miles per hour. On objection, the ordinance was ruled out, so that the allegation of excessive speed stands alone at 50 miles per hour, which plaintiff himself testified was 40 to 45 miles per hour. The other claims of negligence are failure to keep a proper lookout, failure to bring the locomotive under control, and failure to stop when defendant saw or should have seen plaintiff's position of peril.

From the pleadings and record, the doctrine of last clear chance is not in the case, and the court so charged.

The allegations and proof are limited to only what

happened and there is absolutely no evidence in the record of any negligence on the part of the defendant.

No inference of negligence arises from the bare happening of the collision, and none may be presumed.

It has long been the law as stated as follows in *Shaffer, Admx.,* v. *N. Y. C. Rd. Co.,* 66 Ohio App., 417, 34 N. E. (2d), 792:

"It is not negligence on the part of a railroad company for its agents in charge of a train as it approaches such grade crossing, to operate it at a speed greater than will enable them to stop it and avoid a collision after they come in sight of the crossing and discover an automobile stalled upon it, the circumstances being such that the question of last clear chance does not arise."

Again, it is stated in *Woodworth, Admx.,* v. *New York Central Rd. Co.,* 149 Ohio St., 543, at 549, 80 N. E. (2d), 142:

"The law recognizes the fact that ordinarily, because of unalterable circumstances, railroad companies in the operation of fast-moving trains cannot be responsible for grade-crossing collisions, and that the burden of avoiding such collisions rests, for the most part, upon the operators of vehicles using such crossings. This rule is made necessary because railroad trains are, in their operation, confined to fixed tracks, and, because of their weight and momentum, cannot be readily stopped within a short distance or space of time. *New York, Chicago & St. Louis Rd. Co.* v. *Kistler,* 66 Ohio St., 326, 64 N. E., 130."

There is no evidence in the record that the speed was unreasonable or that the control of the train was not in accordance with approved railroad practice under similar circumstances. The principles of burden of proof set out in *White Oak Coal Co.* v. *Rivoux.*

*Admx.*, 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.), 1091, Ann. Cas. 1914C, 1082, *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St., 204, 140 N. E., 634, and later cases apply herein and have not been met by the plaintiff.

It was, therefore, error prejudicial to defendant to overrule its motion for a directed verdict at the close of plaintiff's case. No other error prejudicial to defendant appears upon the record.

The judgment is reversed and the cause remanded with instructions to enter final judgment for the defendant.

*Judgment reversed.*

Ross, P. J., and Hildebrant, J., concur in the syllabus, opinion and judgment.

Matthews, J., concurring. It does not appear when the defendant's employees in charge of this locomotive saw this tractor-trailer standing on the track. It does appear that the track was straight for three quarters of a mile, and that the headlight was required by a rule, having the force of law, to have a penetration strong enough to enable the operators of the locomotive to see an object the size of a man at least 800 feet away. Now placing the operators in that position, I think a jury would be justified in finding that they actually saw this truck stationary on the track when it was at least 800 feet away, and that they realized almost immediately that the truck was stalled there.

Just as soon as the operators realized that the truck was stalled and could not be moved off, the operators owed a duty to exercise reasonable care to avoid a collision to slow down and, if necessary and possible, to bring the train to a stop.

As I analyze this record, the only element necessary

for submission to the trier of the facts that is missing is evidence from which an inference could be drawn that any possible action such as reducing the speed would have availed to avoid the collision. Failure of proof on that necessary element is the basis of my concurrence.